# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No.   11-cr-0355-MSK

UNITED STATE OF AMERICA,

      Plaintiff,

v.

**2.     JOHN PHILLIP GALLEGOS**,

      Defendant.

---

## UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE PURSUANT TO THE SPEEDY TRIAL ACT AND FOR ENLARGEMENT OF TIME TO FILE MOTIONS (OUT OF TIME)

---

John Phillip Gallegos, by counsel William L. Taylor and Darlene A. Bagley of Ridley, McGreevy & Winocur, P.C., hereby moves out of time for an enlargement of time in which to file motions, and pursuant to Title 18, United States Code, Section 3161 and Fed.R.Crim.P. 12, without opposition of the Government and to suit the ends of justice, for a continuance of 180 days to prepare his defense, to file and litigate pre-trial motions, and to prepare for trial, on the following grounds:

1.     Mr. Gallegos is charged with five counts of Wire Fraud in violation of 18 U.S.C. § 1343 and two counts of money laundering in violation of 18 U.S.C. § 1957.  In addition, the Indictment charges two other defendants, Mr. Gallegos' mother, Waunita Weingart, and his stepfather, Alois Weingart, with similar offenses, for a total of eighteen counts.  Doc. 1.  Mr. Gallegos made his first appearance in the District of Colorado on September 26, 2011.  He was

arraigned on September 29, 2011.  Doc. 31.  Undersigned counsel, William Taylor, was

appointed to represent Mr. Gallegos on September 27, Doc. 30, and first appeared with Mr.

Gallegos on September 29, 2011 at the Arraignment.  Doc. 31.

2.      The deadline for filing pretrial motions other than motions to suppress was set for

September 28, 2011, Doc. 25, the day before undersigned counsel first appeared in court with

Mr. Gallegos.

3.      Undersigned counsel received discovery from the Attorney for the Government

on September 29, 2011, and to date, counsel has been able to make only a cursory inspection of

most of the approximately 25,000 pages of electronic and hard copy discovery provided by the

Government.  In addition, counsel has been informed by the Attorney for the Government,

orally on October 13, 2011 and by letter received the same date, that there is an additional file

box of hard copy discovery available to be picked up at the U.S. Attorney's Office, containing

Grand Jury materials – transcripts and exhibits.  Counsel has not yet obtained those materials

from the Government.  Counsel is aware that counsel for co-defendants have concluded that

discovery is not complete, *see* Doc. 27, at 2, para. 2, but review of discovery by the

undersigned, given the short amount of time available since appointment, has been too cursory

even to conclude that.

4.      In short, the fact that neither Mr. Gallegos nor his counsel has had a meaningful

opportunity to review discovery, conduct any legal research concerning potential motions that

may have to be filed, conduct any defense investigation other than into factual predicates

supporting a proposed modification of bond conditions in order to save Mr. Gallegos' job, or to

enter into meaningful discussions with the Attorney for the Government concerning any

possible disposition in the case.  Although counsel was appointed the afternoon of the day before this motion was due under the Court's scheduling order, and eleven business days have elapsed since such appointment, due to the press of other business, other client matters, and previously scheduled business travel the entire week of October 2, 2011, counsel has had little time to do anything on the matter other than cursorily inspect discovery and prepare a motion to modify bond conditions.

5.     Mr. Gallegos was released on conditions.  He does not object to, and respectfully requests that the trial be continued, in order to assist his counsel in preparing his case for trial. He will not be prejudiced by a continuance in any way, and indeed, will be severely and unconstitutionally prejudiced if forced to trial on October 14, 2011, under the circumstances. His counsel will simply be ineffective if forced to trial under these circumstances.

6.     Under the Speedy Trial Act, trial must commence within 70 days after indictment or initial appearance, whichever is later.  18 U.S.C. § 1361(c)(1).  Periods of delay are excluded from the 70-day period.  The Act excludes time stemming from a continuance when the Court finds that the ends of justice outweigh the defendant's and public interest in a speedy trial, 18 U.S.C. § 1361(h)(7)(A), including time necessary for preparation and litigation of pretrial motions.  *Bloate v. United States*, 559 U.S. ___, 130 S.Ct. 1345, 1351-52 (2010).

7.     Factors that apply to an ends of justice finding include:  (1) whether the case is so complex or unusual, due to the number of defendants, the nature of the prosecution, and the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established under the Speedy Trial Act; and (2) whether the failure to grant such a continuance in a case which,

taken as a whole, is not so unusual or complex but will deny reasonable time necessary for effective preparation, taking into account the exercise of due diligence under 18 U.S.C. § 3161(h)(B)(iv).  *See United States v. Larson*, 627 f.3D 1198, 1203-04 (10TH Cir.2010).

8.     Mr. Gallegos respectfully submits that the failure to grant a continuance of the trial set in this matter, and to enlarge the periods of time set in the Court's scheduling order for the filing not only of this motion, given the recency of appointment of counsel, but of all other motions in the case, would result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), ineffectiveness of counsel, and a denial of due process.  Given the volume of discovery, the short period during which counsel has been on the case, the complexity of the case arising from multiple defendants, family ties among them, that the case involves alleged financial fraud taking place over a period of years, and the need to investigate the facts, prepare and litigate motions, this case merits an ends of justice finding under 18 U.S.C. § 3161(h)(7)(B)(ii), and a continuance to allow reasonable time to prepare the defense case under 18 U.S.C. § 3161(h)(7)(B)(iv).

9.     The Attorney for the Government has authorized the undersigned to state herein that the Government does not oppose this motion.

Dated October 14, 2011.

Respectfully submitted.

/s/ *William L. Taylor*
William L. Taylor, #21098

*/s/ Darlene A. Bagley*
Darlene A. Bagley, #35728
RIDLEY, MCGREEVY & WINOCUR P.C.
303 16th Street, Suite 200
Denver, CO  80202
Telephone:  (303) 629-9700
Fax:  (303) 629-9702
E-Mail:  wltaylorpc@gmail.com;
taylor@ridleylaw.com;
bagley@ridleylaw.com
Attorneys for John Phillip Gallegos

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2011, I served a true and correct copy of the foregoing **UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE PURSUANT TO THE SPEEDY TRIAL ACT AND FOR ENLARGEMENT OF TIME TO FILE MOTIONS (OUT OF TIME)** via CM/ECF filing to all parties listed therein including:

Linda Kaufman
Assistant United States Attorney
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:  (303) 454-0100
FAX:  (303) 454-0401
E-mail:  Linda.Kaufman@usdoj.gov
Attorney for Government

Edward A. Pluss
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Edward_Pluss@fd.org
Attorney for Defendant

Paula M. Ray
Paula M. Ray, P.C.
P.O. Box 12554
Denver, CO 80212-0554
Telephone: 303-874-5170
Email: paulamray@earthlink.net

/s/ *Suzy M. Kamps*

Suzy M. Kamps