IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.   11-cr-00355-MSK-02

UNITED STATES OF AMERICA,

　　　　Plaintiff,

v.

　　1.  WAUNITA WEINGART,
　　**2. JOHN PHILLIP GALLEGOS,**
　　3.  ALOIS CRAIG WEINGART.

　　　　Defendants.

### DEFENDANT JOHN GALLEGOS' UNOPPOSED MOTION TO BE EXCUSED FROM APPEARING AT MOTIONS HEARING
### AND TO CONTINUE ARGUMENT ON MOTION TO SEVER

　　　　Defendant John Gallegos, by and through undersigned counsel, hereby requests that this Court enter an Order excusing his presence at the non-evidentiary motions hearing set for today, April 5, 2012 at 4:00 o'clock p.m. or, in .  As grounds, Mr. Gallegos states as follows:

1. This case is set for a hearing on non-evidentiary motions today at 4:00 o'clock p.m.

2. Mr. Gallegos, through counsel, has filed a Motion to Sever; no other motions have been filed by him or are otherwise pending as to him.  Undersigned counsel is prepared to argue the severance motion this afternoon as scheduled.

3. Although Mr. Gallegos had been apprised of today's hearing date, undersigned counsel apparently did not make clear to Mr. Gallegos that his appearance was required at today's scheduled hearing.  As a consequence of this miscommunication by counsel, Mr. Gallegos, who was released on conditions at the outset of this case, is working his scheduled job for a commercial air carrier, is outside the state of Colorado, and is unable to appear this afternoon for the scheduled hearing.  He cannot appear by telephone at the scheduled hour for the hearing because he will be working as a flight attendant on board the aircraft at that time.  Mr. Gallegos'

    travel is consistent with the conditions of his bond.

4. Undersigned counsel conferred with Mr. Gallegos by telephone this morning. Mr. Gallegos advised that he did not know that his presence was required at the hearing and that he could not change his plans and arrive in Denver in time for the hearing today. Mr. Gallegos said that he is willing and able to appear in court in Denver as early as tomorrow in order to demonstrate that he has not fled and that his absence today is simply the product of miscommunication. Mr. Gallegos will appear tomorrow, if ordered to do so by the Court.

5. Mr. Gallegos was advised of the purpose of today's hearing and that argument is to be had on the motion to sever. After advisement of his right to attend the hearing, Mr. Gallegos agreed to waive his attendance while his counsel made legal argument on that motion and addressed other matters before the Court today. Counsel submits that Mr. Gallegos' waiver of his right to attend today's hearing is knowing, intelligent, and voluntary. A Court may excuse a defendant's appearance, and a defendant need not be present under a number of circumstances, including at a conference or hearing on a question of law. Fed.R.Crim.P.43(b)(3). A defendant must be present at other stages of the proceedings, not occurring here. Fed.R.Crim.P.43(a).

6. On entirely separate grounds, Mr. Gallegos here moves to continue the Court's hearing on Mr. Gallegos' motion to sever. Undersigned counsel has conferred with the Attorney for the Government on these matters. New counsel for Defendant Waunita Weingart has recently entered his appearance and has filed a motion for enlargement of time to file motions. [Doc. 68.] Undersigned counsel does not know whether new counsel for Defendant Waunita Weingart intends to file a motion to sever or what position Defendant Waunita Weingart may take on Mr. Gallegos' motion to sever. It is logical to assume, under the circumstances, that new counsel may not have had an adequate opportunity to formulate a position as to severance given the large volume of discovery in this matter and his motion for an enlargement of time to file motions. It stands to reason, given this uncertainty, that the Court would do well to defer argument on

severance until Ms. Weingart's counsel has had time to arrive at a reasoned decision on the subject of severance thus allowing the Court to hear from all counsel on the subject of severance at once. Mr. Gallegos therefore requests that the Court continue argument on his severance motion until Ms. Weingart's position can be ascertained and the Court can hear argument from all defendants at once.

7. Undersigned counsel has conferred with the Attorney for the Government, Assistant United States Attorney Linda Kaufman concerning this motion. AUSA Kaufman has authorized the undersigned to state that she does not object to Mr. Gallegos' motion to continue argument on his severance motion, and she does not object to excusing Mr. Gallegos' presence from the hearing for all other purposes.

WHEREFORE, Mr. Gallegos respectfully requests that this Court grant this Motion and excuse his presence at the motions hearing set for today at 4:00 o'clock p.m. and continue argument on his severance motion until Ms. Weingart's position can be ascertained, so that any and all severance argument the Court may be required to hear can be heard in one proceeding.

Respectfully submitted this 5th day of April, 2012.

>*s/William Taylor*
>William L. Taylor
>RIDLEY, MCGREEVY & WINOCUR, P.C.
>*Attorney for John Gallegos*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March, 2012, I filed the foregoing **DEFENDANT JOHN GALLEGOS' UNOPPOSED MOTION TO BE EXCUSED FROM APPEARING AT MOTIONS HEARING AND TO CONTINUE ARGUMENT ON MOTION TO SEVER** with the Clerk of Court using the CM/ECF system.


/s/ *Suzy M. Kamps*
Suzy M. Kamps