# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-355-MSK

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.   WAUNITA WEINGART,
2.   JOHN PHILLIP GALLEGOS,
3.   ALOIS CRAIG WEINGART,

Defendants.

---

**GOVERNMENT'S DISCLOSURE RELATING TO THE ANTICIPATED
TESTIMONY OF DANA CHAMBERLIN**

---

The United States of America, by United States Attorney John F. Walsh and
Assistant United States Attorney Linda Kaufman, hereby makes the following disclosure
relating to the anticipated testimony of Dana Chamberlin:

## I. Introduction

Ms. Chamberlin will testify that she became involved in the investigation of this case
prior to indictment, and has examined most of the records obtained by the government in
its investigation and prosecution of the case. She is expected to present summary
testimony, along with summary charts and calculations consistent with Fed. R. Evid. 1006.
She is also expected to offer opinion testimony, as described more fully below.

This summary describes all of Ms. Chamberlin's expert opinions, the bases and
reasons for those opinions, and her qualifications, consistent with the government's Rule
16(a)(1)(G) obligation for disclosure.

This summary also includes many of Ms. Chamberlin's lay witness opinions, as well

1

as a statement of the bases and reasons for those, even though such disclosure is not required by Rule 16.  The government has disclosed these lay opinions and the bases and reasons for them out of an abundance of caution. That is, although the government characterizes them as lay witness opinions, it recognizes that defense counsel could potentially choose to characterize them as expert opinions. The government has provided full Rule 16(a)(1)(G) disclosure for them as though they were expert opinions.

Finally, this summary also describes a fair amount of Ms. Chamberlin's anticipated summary witness testimony.

For ease of reference, the government has characterized Ms. Chamberlin's opinions as either expert or lay within the body of the summary and other portions of her anticipated testimony as summary witness testimony in the body of this document.

By including disclosures of Ms. Chamberlin's anticipated summary and lay opinion testimony which exceed the requirements of Rule 16, the government does not mean to suggest that she will not also present additional summary and/or lay opinion testimony which is not specifically identified in this summary.

## II. Qualifications of Dana Chamberlin

Ms. Chamberlin is a Certified Public Accountant and a Certified Fraud Examiner. She has had over twenty-three years of experience in accounting. For the last twenty years, as a financial analyst with the FBI and an auditor with the United States Attorney's Office, she has focused on the analysis of various topics which arise in wire fraud, mail fraud, bank fraud, mortgage fraud, securities fraud, and money laundering investigations. A summary of her qualifications is set forth in Attachment 1.

2

### III. Examination of Bank Records and Loan Files

**A.      Bank Account Summaries**

In this case, Ms. Chamberlin was provided with bank records relating to numerous accounts over which one or more of the defendants had signature authority. These included personal accounts as well as business accounts. She examined these account records and prepared a detailed summary of the account activity for each of the accounts listed in Attachments 2 and 3.

To prepare each summary, Ms. Chamberlin first examined the bank statements and all records provided by the banks in support of the individual transactions referenced in those statements. These records included deposit slips and deposited items, checks drawn on the accounts, debit and credit items, incoming and outgoing wire transfer records, and other authorizations for the transfer of funds.

Although the vast majority of the information in her summaries was taken directly from the banks' records. Ms. Chamberlin sometimes added information to the summary which had been provided by a source other than the bank. For example, when the bank provided a statement which showed that a particular check number for a particular amount had cleared on a particular date, but did not provide that check, Ms. Chamberlin looked to see if that check had been provided by another source. If it had, she included information from that check in her summary. As an other example, when the bank statement listed an electronic withdrawal which had occurred on a particular date, with a particular description, and for a particular amount, Ms. Chamberlin examined records from other sources to determine whether anything in those records corresponded to the electronic withdrawal

3

listed on the statement.[1] If she found additional information about the electronic withdrawal, she included that information in her summary.

For each entry on her summaries, Ms. Chamberlin included the Bates' number(s) of the document(s) upon which the entry was based. She created a running balance by either adding or subtracting each transaction from the previous account balance. As she prepared each summary, she also reconciled the account balances, total deposits, and/or total withdrawals shown on the bank statements to her account summaries. In this way, she confirmed that the summary included all transactions appearing on the bank statement. These summaries of activity in the bank accounts are Attachments 4 through 28.

The government's position is that everything set forth in this Part III(A) describes summary evidence. However, the government's position is also that the comment sections in all highlighted entries of Ms. Chamberlin's account summaries constitute expert opinion, as will be more fully described below.

### B.    Loan Codes

As Ms. Chamberlin was examining the bank records, she noticed that there were deposits of what appeared to be loan proceeds and withdrawals of what appeared to be monthly mortgage payments for numerous loans. She also noticed what appeared to be payoffs for a few of the Waun Weingart and/or Alois Craig Weingart loans. She was provided with most of the lenders' files for the loans that could be identified by those bank records. Those files revealed that most of the loans were for the refinancing of Waunita

---

[1] Those sources included the lenders, Speedpay (an electronic bill-paying service), and American Express.

and Craig Weingart's property at 7766 Saxeborough Drive, Castle Rock, Colorado, (hereinafter "Saxeborough") and John Gallegos' and Waunita Weingart's property at 141 Lost Angel Road, Boulder, Colorado, (hereinafter "Lost Angel"); some of the loans were for the purchase or refinancing of John Gallegos' properties at 430 6th Avenue, Denver, Colorado and 7603 California Ave. SW, Seattle, Washington, (hereinafter "6th Ave." and "California"). She noticed that the loan files for each of the refinancings designated a particular mortgage that was to be paid off immediately with the proceeds of that refinancing.[2]

As Ms. Chamberlin continued to examine an increasing number of loan files for the refinancing of Saxeborough and Lost Angel, she also observed that the loan applications and credit reports in those files listed liabilities and debts which appeared to correspond to loans for 6th Ave. and California, as well as one or two properties whose addresses have not yet been determined. For ease of reference, she assigned each of the mortgage loans relevant to her analysis a "Loan Code". Her summary of these Loan Codes is Attachment 29.

The government's position is that everything described in this Part III(B) describes summary evidence.

**C.    Deposits of Loan Proceeds and Subsequent Withdrawal Activity**

During her review of the bank records and loan files, Ms. Chamberlin observed that the deposits of the fundings of the loan proceeds were made to the Colorado County and Community Title, LLC (hereinafter "CCCT") accounts, the Real Estate Title, LLC

---

[2]This information was set forth on the HUD-1 settlement statement, the payoff statement, the title commitment, the loan application, and/or the closing instructions.

(hereinafter "RET") accounts, one Paradigm Escrow and Title Co., LLC account, two accounts held in the name of Waunita Weingart and Craig Weingart, one account held in the name of Waun Weingart, and one account held in the name of John Gallegos. She focused on those deposits which appeared to be from loans made to one or more of the defendants. She wanted to determine whether those loans were in fact loans made to one or more of the defendants, and if so, whether either Saxeborough or Lost Angel had been pledged to secure those loans.

By examining the documentation in the loan files such as promissory notes (hereinafter "notes"), wiring instructions, and/or closing instructions, Ms. Chamberlin determined which loan related to which deposit of loan proceeds. She identified the particular loan that related to a particular deposit of loan proceeds by matching the loan number, the lender name, the date of the loan, the date of the deposit, and/or the amount of the wire or check. When she had identified the particular loan that related to a particular deposit of loan proceeds, she highlighted the reference to that deposit on her account summary and added, in the "Comment" section, the description "Funding", the Loan Code of the loan that funded the proceeds, and the borrower's initials.[3] The government's position is that the "Comments" section of all highlighted entries on Ms. Chamberlin's account summaries constitute expert opinions.

Once Ms. Chamberlin had identified and highlighted the deposits of loan proceeds in her account summaries, she examined the withdrawal activity following those deposits to determine how the proceeds had been spent. In many instances, she observed that the

_____

[3]See, e.g., Attachment 16 at lines 960, Attachment 23 at line 34; Attachment 26 at line 62.

proceeds or portions of the proceeds had been transferred to other accounts over which one or more of the defendants had signature authority.

Ms. Chamberlin's expert opinions based on the above-described examination of the bank records and loan files relating to the deposits of loan proceeds and subsequent withdrawal activity are as follows:

1.      The loan proceeds from the loans for Saxeborough and Lost Angel alleged to be part of the scheme, as well as some of the loans for California and the one or two properties whose addresses have not been identified, were deposited into the accounts identified in Attachments 5, 7-9, 15, 16, 20, 21, 23, 24, and 26.[4]

2.      In all but one instance, the proceeds from the loans alleged to be part of the scheme were not used to pay off the prior mortgage designated by the lender to be paid off as a condition of the approval of the loan. That one instance was when the proceeds of S-9 funded the majority of the payoff of S-4 (as shown by lines 314 and 336 of Attachment 31).

3.      The proceeds from the loans alleged to be part of the scheme were used in part to make the mortgage payments on the defendants' outstanding loans for Saxeborough and Lost Angel, as well as for 6th Ave., California, and one or two properties whose addresses have not been identified.

4.      In several instances, the proceeds of a loan obtained by one or a combination of the defendants to refinance Saxeborough, Lost Angel, or California were used to pay off an earlier outstanding loan, rather than the one designated by the lender

_____

[4]These opinions also appear on Attachments 31-87, as described more fully in Part D, below.

to be paid off as a condition of the approval of the loan. Those instances were when:

a)   the proceeds of L-4 funded the majority of the payoff of S-2 (as shown by lines 335 and 336 of Attachment 15), even though L-2 was designated by the lender to be paid off.

b)   the commingled proceeds of S-11 and L-5 funded the payoff of S-9 (as shown by lines 382, 385, and 404 of Attachment 15), even though S-5 was designated by one of the lenders to be paid off.

c)   the commingled proceeds of L-8 and S-13 funded the payoff of S-10 (as shown by lines 816, 821, and 868 of Attachment 16), even though S-5 and S-6 were designated by the lenders to be paid off.

d)   the commingled proceeds of Calif-5 and L-14 funded the payoff of S-14 (as shown by lines 405, 450, and 460 of Attachment 9 and lines 150, 177, 179, and 181 of Attachment 26), even though L-6 and Calif-3 were designated by the lenders to be paid off.

e)   the commingled proceeds of L-14 and L-15 funded the majority of the payoff of L-8 (as shown by lines 534 and 561 of Attachment 9 and lines 179, 180, 192, and 196 of Attachment 26), even though L-6 and L-9 were designated by the lenders to be paid off.

f)   the commingled proceeds of S-12 and L-6 funded the majority of the payoff of Unk-1 (as shown by lines 728, 740, and 794 of Attachment 16), even though S-5 and S-2 were designated by the lenders to be paid off.

g)   the commingled proceeds of S-16 and S-15 funded the majority of the

payoff of Unk-2 (as shown by lines 732, 734 and 736 of Attachment 21 and lines 30 and 32 of Attachment 23), even though S-5 was designated by the lenders to be paid off.

### D.    Mortgage Payments

In her examination of the bank records, Ms. Chamberlin noticed many withdrawals which appeared to be mortgage payments. These withdrawals typically referenced loan identification numbers, and were payable to lenders in the same amounts on a monthly basis. Ms. Chamberlin wanted to determine if those withdrawals were in fact mortgage payments, and if so, whether they were payments on loans made to one or more of the defendants on which either Saxeborough or Lost Angel had been pledged as collateral. Knowing that payments should have been made on a monthly basis, she reviewed her bank account summaries, documents in the loan files, and Speedpay's records in an attempt to identify all mortgage payments made on those loans.

Ms. Chamberlin looked first to determine whether the lender had provided a payment history. If it had, she reviewed her account summaries to identify the related payments. She examined the dates of the payments, the amounts of the payments, the payees, and the loan identification numbers set forth in the payment histories and the bank records. Where the information from the payment history corresponded to the information from the bank records relating to a withdrawal, she concluded that the withdrawal was a payment on the loan for which the payment history had been provided.

If the lenders had not provided a payment history, Ms. Chamberlin reviewed the bank records for withdrawals which referenced a loan identification number, were payable to a lender, and occurred monthly. If she found such a withdrawal, she reviewed the lender

files to see if there was a corresponding loan identification number on the loan or deed of trust. If there was, Ms. Chamberlin concluded that the withdrawal was a payment which had been made for that loan.

Where the loan identification number on the note or deed of trust did not correspond to the loan identification number on the bank record, Ms. Chamberlin looked at other documents in the loan files to see if any bore a loan identification number which corresponded to the loan identification number on the bank record. If she found such a document, she concluded that the payment had been made for that loan.

Ms. Chamberlin was not surprised to see that many loans had more than one identification number, because she was aware that lenders may assign or sell their notes to other lenders, and that they may employ servicing companies to collect monthly payments. She also knew that in such instances, the successor lender or servicer may assign the loan a new identification number. In order to keep track of the loan identification numbers involved in her analysis, she created a summary chart. See Attachment 30.

When Ms. Chamberlin identified the loan on which a payment had been made, she highlighted the entry showing that payment on her bank account summary (See Attachments 4-10, 15-17, 21, 23, 26, and 27). She then stated her conclusion that the payment related to a particular loan by adding the description "Mortgage", the Loan Code of the loan on which the payment had been made, and the borrower's initials in the "Comment" section of her account summary.[5] The government's position is that the "Comments" section in all highlighted entries on Ms. Chamberlin's account summaries

_____

[5]See, e.g., Attachment 9 at line 63; Attachment 8 at line 1258; Attachment 15 at line 183.

constitute expert opinion. Ms. Chamberlin also created a summary chart listing the loan funding and payment transactions for each loan. These summaries are Attachments 31 through 87.

Ms. Chamberlin's expert opinions which are based on her above-described examination of the bank records and loan files relating to the mortgage payments are as follows:

1.      Particular mortgage payments were made on a regular basis on all of the loans for Saxeborough and Lost Angel alleged to be part of the scheme, as well as for the loans for 6th Ave., California, and two properties whose addresses have not been identified, as more specifically set forth in Attachments 31 through 87, and as highlighted in Attachments 4-10, 15-17, 21, 23, 26, and 27.

2.      Thirty-six of the loans alleged to be part of the scheme had not been paid off as of May 31, 2008.

### IV. Examination of Interrelationships Among Liabilities Listed on Applications for Loans Alleged to be Part of the Scheme, Information Listed in Schedule of Real Estate Owned Set Forth in Applications for Loans Alleged to be Part of the Scheme, Mortgage Liabilities Listed on Credit Reports Used in the Application Process for Loans Alleged to be Part of the Scheme, and Prior Mortgage Loans of the Defendants

Ms. Chamberlin focused on the loan applications for the refinancings of Saxeborough and Lost Angel to determine whether the prior loans on which Saxeborough and Lost Angel had been pledged as collateral had been listed as liabilities on the applications for those loans. Each application had a "Liabilities" section and an "Assets" section, of which the "Schedule of Real Estate Owned" was a part. The "Liabilities" section typically included credit card debt and mortgage debt. Ms. Chamberlin examined each

11

mortgage liability listed.

When there was an account number associated with the liability listed, she first looked to see whether that number appeared on the list of loan identification numbers she was compiling. This list later became Attachment 30. In some instances, she concluded that the liability listed on the loan application matched a prior loan for Saxeborough, Lost Angel, 6th Ave., California, or the one or two properties whose addresses have not been determined.

If she could not draw that conclusion based upon the number listed on the loan application, Ms. Chamberlin examined the credit report contained in the same loan file to determine whether it provided more information about that particular liability. It typically did. The additional information in the credit report revealed the "high" debt amount, as well as the month and year that the account had been opened. With this additional information, Ms. Chamberlin then searched the records relating to the loans made to one or a combination of the defendants in order to determine if any had been made for the "high" amount and at the time listed on the credit report. If she identified such a loan, she then searched the lender's records for that loan to determine if the account number set forth on the credit report and in the "Liabilities" section of the loan application also appeared in the lender's records. Ms. Chamberlin followed the same procedure for each mortgage loan liability listed on the loan applications for the loans alleged to be part of the scheme.

She observed that if she looked only at the loan application, the loans listed in the "Liabilities" section appeared to correspond not only to the debts listed on the credit report, but also to the outstanding debts for particular properties listed in Schedule of Real Estate Owned in the same application.  She also observed that neither the "Liabilities" section of

the loan application nor the credit report revealed a property address associated with the mortgage debts listed. The property addresses appeared only in the "Schedule of Real Estate Owned" section of the application. The combination of the information on the application made it appear as though the properties listed in the "Schedule of Real Estate Owned" were the properties which had been pledged as collateral for the mortgages listed in the "Liabilities" section. Ms. Chamberlin concluded, however, that the mortgage liabilities listed in "Liabilities" section of the applications and as mortgage debts on the credit reports in the same loan file actually corresponded to the defendants' prior loans for the refinancings of Saxeborough, Lost Angel, 6th Ave., California, and/or the one or two as yet unknown property or properties, and not to the properties named in the "Schedule of Real Estate Owned" section of the loan application.

Ms. Chamberlin also observed that in some cases, the defendant-borrower failed to list prior outstanding mortgages as liabilities on his or her loan applications, as more specifically set forth in her opinions below.

Even though Ms. Chamberlin's focus in this analysis was on the loan applications for the refinancings of Saxeborough and Lost Angel, she was also able to perform the same analysis based on loan applications for one 6th Ave. loan and one California loan.

Ms. Chamberlin prepared summary charts which set forth in detail the information upon which she based these conclusions. The charts reference by Bates' number the documents upon which she based each conclusion. These charts are Attachments 88 through 121. Her specific expert opinions are as follows:

1.      For the $397,500 loan made to Craig and Waun Weingart on or about

August 7, 2000 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-5):

      a)     The Construction Project for 24 units, a property listed on the Liabilities Section of the loan application, is not the property which was pledged as collateral for the $361,670 liability to Loanworks listed in the Liabilities Section of the loan application, or the debt of $361,879 to Loanworks listed in the credit report. That liability and that debt actually correspond to the 7/29/99 loan to Craig and Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

      b)     The 8/3/00 loan to Craig and Waun Weingart for $420,000 from Jefferson Mortgage Group for the refinancing of 7766 Saxeborough (Loan Code S-4) was outstanding as of 8/7/00, but was not listed on the loan application for S-5 as a liability or on the Schedule of Real Estate Owned.

      2.     For the $356,000 loan made to Craig and Waun Weingart on or about October 12, 2000 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-6):

      a)     3013, 3025, 3035 Umatilla St., Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $361,670 liability to Loanworks listed in the Liabilities Section of the loan application, or the debt of $361,247 to Loanworks listed in the credit report. That liability and that debt actually correspond to the 7/29/99 loan to Craig and Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766

14

Saxeborough Drive (Loan Code S-3).

b)      The 8/3/00 loan to Craig and Waun Weingart for $420,000 from Jefferson Mortgage Group for the refinancing of 7766 Saxeborough (Loan Code S-4) was outstanding as of 10/12/00, but was not listed on the loan application for S-6 as a liability or on the Schedule of Real Estate Owned.

c)      The 8/7/00 loan to Craig and Waun Weingart for $397,500 from Flagstar Bank for the refinancing of 7766 Saxeborough (Loan Code S-5) was outstanding as of 10/12/00, but was not listed on the loan application for S-6 as a liability or on the Schedule of Real Estate Owned.

3.      For the loan application for the $420,000 loan made to Alois Weingart on or about November 19, 2003 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-9):

a)      It is highly likely that 98 Black Diamond, Copper Mtn, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $483,049 liability to Indymac Bank listed in the Liabilities Section of the loan application, or the debt of $483,049 to Indymac Bank listed in the credit report.  That liability and that debt actually correspond to the 12/18/2002 loan to Craig Weingart for $486,000 from Firstar Finance for the refinancing of as an yet unidentified property (Loan Code Unk-1).

b)      493 Kennedy Dr., Sun City, NV, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $398,466 liability to General Motors listed in the Liabilities Section of

15

the loan application, or the debt of $398,466 to General Motors Mtg Cor listed in the credit report. That liability and that debt actually correspond to the 1/27/2003 loan to Craig Weingart for $400,000 from General Mortgage Corp of America for the refinancing of 7766 Saxeborough Drive (Loan Code S-8).

        c)      7603 California SW, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $353,469 liability to Countrywide Home Loan listed in the Liabilities Section of the loan application, or the debt of $353,469 to Countrywide Home Loans listed in the credit report. That liability and that debt actually correspond to the 8/24/98 loan to Craig & Waun Weingart for $372,000 from Standard Financial Corp dba Standard Loans for the refinancing of 7766 Saxeborough Drive (Loan Code S-2).

        d)      422 430 E. 6th Ave., Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $352,167 liability to Indymac Bank listed in the Liabilities Section of the loan application, or the debt of $352,167 to Indymac Bank listed in the credit report. That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

        e)      2549 SW 4th Ave., Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $350,722 liability to Option One Mortgage listed in the Liabilities Section of the loan application, or the debt of $350,722 to Option One Mortgage listed in the credit report. That liability and that debt actually correspond to the 10/12/2000

loan to Craig & Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-6).

      f)      523-595 Pennsylvania, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $390,209 liability to Flagstar Bank listed in the Liabilities Section of the loan application, or the debt of $390,209 to Flagstar Bank listed in the credit report.  That liability and that debt actually correspond to the 8/7/2000 loan to Craig & Waun Weingart for $397,500 from Flagstar Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-5).

      g)      The 8/1/02 loan to Craig and Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-7) was outstanding as of 11/19/03, but was not listed on the loan application for S-9 as a liability or on the Schedule of Real Estate Owned.

      h)      The 10/22/03 loan to Alois Weingart for $420,000 from Peoples Choice Home Loan for purchase of or the refinancing of an as yet unidentified property (Loan Code Unk-2) was outstanding as of 11/19/03, but was not listed on the loan application for S-9 as a liability or on the Schedule of Real Estate Owned.

      4.      For the $405,000 loan made to Alois Weingart on or about February 19, 2004 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-10):

      a)      523-595 Pennsylvania, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was

pledged as collateral for the $351,000 liability to Countrywide Home Loans listed in the

Liabilities Section of the loan application, or the debt of $405,000 to Countrywide Home

Loans listed in the credit report.  That liability and that debt actually correspond to the

8/3/2000 loan to Craig & Waun Weingart for $420,000 from Jefferson Mortgage Group for

the refinancing of 7766 Saxeborough Drive (Loan Code S-4).

        b)    523-595 Pennsylvania, Denver, CO, an address listed on the Schedule

of Real Estate Owned Section of the loan application, is not the property which was

pledged as collateral for the $351,000 liability to Countrywide Home Loans  listed in the

Liabilities Section of the loan application, or the debt of $351,000 to Countrywide Home

Loans listed in the credit report.  That liability and that debt actually correspond to the

8/24/1998 loan to Craig & Waun Weingart for $372,000 from Standard Financial Corp dba

Standard Loans for the refinancing of 7766 Saxeborough Drive (Loan Code S-2).

        c)    493 Kennedy Drive, Sun City, NV, an address listed on the Schedule

of Real Estate Owned Section of the loan application, is not the property which was

pledged as collateral for the $397,513 liability to General Motors Mtg Corp listed in the

Liabilities Section of the loan application, or the debt of $397,513 to General Motors Mtg

Cor listed in the credit report.  That liability and that debt actually correspond to the

1/27/2003 loan to Craig Weingart for $400,000 from General Mortgage Corp of America

for the refinancing of 7766 Saxeborough Drive (Loan Code S-8).

        d)    422-430 E. 6th Ave., Denver, CO, an address listed on the Schedule

of Real Estate Owned Section of the loan application, is not the property which was

pledged as collateral for the $350,000 liability to Indymac Bank listed in the Liabilities

Section of the loan application, or the debt of $350,000 to Indymac Bank listed in the credit

report. That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

e)     567 Van Buren Drive, La Jolla, CA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $349,972 liability to Option One Mortgage listed in the Liabilities Section of the loan application, or the debt of $349,972 to Option One Mortgage listed in the credit report. That liability and that debt actually correspond to the 10/12/00 loan to Craig & Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-6).

f)     The 8/1/02 loan to Craig and Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-7) was outstanding as of 2/19/04 and was not listed on the loan application for S-10 as a liability and on the Schedule of Real Estate Owned.

g)     The 11/19/03 loan to Alois Weingart for $420,000 from 1st Mariner Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-9) was outstanding as of 2/19/04 and was not listed on the loan application for S-10 as a liability and on the Schedule of Real Estate Owned.

5.     For the $400,000 loan made to Waun Weingart on or about May 6, 2004 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-12):

a)     141 Lost Angel Road, Boulder, CO, an address listed on the Schedule

of Real Estate Owned Section of the loan application, is not the property which was

pledged as collateral for the $351,620 liability to Countrywide Fund listed in the Liabilities

Section of the loan application, or the debt of $351,620 to Countrywide Fund listed in the

credit report.  That liability and that debt actually correspond to the 8/24/1998 loan to Craig

& Waun Weingart for $372,000 from Standard Financial Corp dba Standard Loans for the

refinancing of 7766 Saxeborough Drive (Loan Code S-2).

      b)    4325- 430 E. 5th Ave., Denver, CO, an address listed on the

Schedule of Real Estate Owned Section of the loan application, is not the property which

was pledged as collateral for the $350,306 liability to Loanworks listed in the Liabilities

Section of the loan application, or the debt of $350,306 to Loanworks listed in the credit

report.  That liability and that debt actually correspond to the 7/29/1999 loan to Craig &

Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766

Saxeborough Drive (Loan Code S-3).

      c)    2122 W. 44th, Seattle, WA, an address listed on the Schedule of Real

Estate Owned Section of the loan application, is not the property which was pledged as

collateral for the $349,780 liability to Option One listed in the Liabilities Section of the loan

application, or the debt of $349,780 to Option One listed in the credit report.  That liability

and that debt actually correspond to the 10/12/2000 loan to Craig & Waun Weingart for

$356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough Drive (Loan

Code S-6).

      d)    There was no address listed on the Schedule of Real Estate Owned

Section of the loan application for the $34,267 liability to Benfcl/HFC listed in the Liabilities

Section of the loan application, or the debt of $34,267 to Benfcl/HFC listed in the credit

report. That liability and that debt actually correspond to the 8/1/2002 loan to Craig & Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-7).

   e) The 4/9/04 loan to Waun Weingart for $320,000 from Chase Manhattan Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-11) was outstanding as of 5/6/04 and was not listed on the loan application for S-12 as a liability and on the Schedule of Real Estate Owned.

   f) The 4/9/04 loan to Waun Weingart for $410,000 from Chase Manhattan Mortgage for the refinancing of 141 Lost Angel Road (Loan Code L-5) was outstanding as of 5/6/04 and was not listed on the loan application for S-12 as a liability and on the Schedule of Real Estate Owned.

   6. For the $360,400 loan made to Waunita Weingart on or about November 15, 2004 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-13):

   a) The 7/29/99 loan to Craig and Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3) was outstanding as of 11/15/04, but did not appear in the Liabilities Section of the loan application.

   b) The 8/7/00 loan to Craig and Waun Weingart for $397,500 from Flagstar Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-5) was outstanding as of 11/15/04, but did not appear in the Liabilities Section of the loan application.

c)      The 10/12/00 loan to Craig and Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-6) was outstanding as of 11/15/04, but did not appear in the Liabilities Section of the loan application.

d)      The 8/1/02 loan to Craig and Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-7) was outstanding as of 11/15/04, but did not appear in the Liabilities Section of the loan application.

e)      The 4/9/04 loan to Waun Weingart for $320,000 from Chase Manhattan Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-11) was outstanding as of 11/15/04, but did not appear in the Liabilities Section of the loan application.

f)      The 4/9/04 loan to Waun Weingart for $410,000 from Chase Manhattan Mortgage for the refinancing of 141 Lost Angel Road (Loan Code L-5) was outstanding as of 11/15/04, but did not appear in the Liabilities Section of the loan application.

g)      The 5/6/04 loan to Waun Weingart for $400,000 from Washington Mutual Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-12) was outstanding as of 11/15/04, but did not appear in the Liabilities Section of the loan application.

h)      The 5/24/04 loan to Waun Weingart for $444,500 from America's Wholesale Lender for the refinancing of 141 Lost Angel Road (Loan Code L-6) was outstanding as of 11/15/04, but did not appear in the Liabilities Section of the loan

application.

      i)     The 10/25/04 loan to Waun Weingart for $397,000 from Washington Mutual Bank for the refinancing of 141 Lost Angel Road (Loan Code L-7) was outstanding as of 11/15/04, but did not appear in the Liabilities Section of the loan application.

      j)     The 11/15/04 loan to Waun Weingart for $400,000 from Lehman Brothers Bank for the refinancing of 141 Lost Angel Road (Loan Code L-8) was outstanding as of 11/15/04, but did not appear in the Liabilities Section of the loan application.

      k)     The 11/15/04 loan to Waun Weingart for $360,000 from Lehman Brothers Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-14) was outstanding as of 11/15/04, but did not appear in the Liabilities Section of the loan application.

      l)     The addresses, other than 7766 Saxeborough Dr. and 141 Lost Angel Road, listed in the Schedule of Real Estate Owned were not the properties which were pledged as collateral for the liabilities listed in opinions 6(a) through 6(k).

      m)     One mortgage for Saxeborough Drive was listed on the Schedule of Real Estate Owned, but Ms. Chamberlin was unable to determine which one of the seven outstanding Saxeborough loans this was.

      n)     One mortgage for Lost Angel Road was listed on the Schedule of Real Estate Owned, but Ms. Chamberlin was unable to determine which one of the four outstanding Lost Angel loans this was.

      7.     For the $360,000 loan made to Waun Weingart on or about November 15,

2004 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-14):

      a)     There was no address listed on the Schedule of Real Estate Owned Section of the loan application for the $32,799 liability to Beneficial/HFC listed in the Liabilities Section of the loan application, and the debt of $32,799 to Beneficial/HFC listed in the credit report.  That liability and that debt actually correspond to the 8/1/2002 loan to Craig & Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-7).

      b)     141 Lost Angel Road, Boulder, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $385,997 liability to Flagstar Bank listed in the Liabilities Section of the loan application, or the debt of $385,997 to Flagstar Bank listed in the credit report.  That liability and that debt actually correspond to the 8/7/2000 loan to Craig & Waun Weingart for $397,500 from Flagstar Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-5).

      c)     790 Magnolia Way, Scottsdale, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $399,143 liability to WAMU listed in the Liabilities Section of the loan application, or the debt of $399,143 to Wshngtn Mutl listed in the credit report. That liability and that debt actually correspond to the 5/6/2004 loan to Waun Weingart for $400,000 from Washington Mutual Bank (WAMU) for the refinancing of 7766 Saxeborough Drive (Loan Code S-12).

      d)     421-430 E. 6th Ave., Denver, CO, an address listed on the Schedule

of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $347,452 liability to Indymac Bank listed in the Liabilities Section of the loan application, or the debt of $347,452 to Indymac Bank listed in the credit report. That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

e)      7603 SW California St, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $444,500 liability to Countrywide Fund listed in the Liabilities Section of the loan application, or the debt of $444,500 to Countrywide Fund listed in the credit report. That liability and that debt actually correspond to the 5/24/2004 loan to Waun Weingart for $444,500 from America's Wholesale Lender for the refinancing of 141 Lost Angel Road (Loan Code L-6).

f)      La Jolla, CA, a location listed on the Schedule of Real Estate Owned Section of the loan application, is not the location of the property which was pledged as collateral for part of the $728,261 liability to Chase Manhattan Mort listed in the Liabilities Section of the loan application, or the debt of $409,034 to Chase Manhattan Mortga listed in the credit report. Part of that liability and that debt actually correspond to the 4/9/2004 loan to Waun Weingart for $410,000 from Chase Manhattan Mortgage for the refinancing of 141 Lost Angel Road (Loan Code L-5).

g)      Seattle, WA, a location listed on the Schedule of Real Estate Owned Section of the loan application, is not the location of the property which was pledged as collateral for part the $728,261 liability to Chase Manhattan Mort listed in the Liabilities

25

Section of the loan application, or the debt of $319,227 to Chase Manhattan Mortgage listed in the credit report.  Part of that liability and that debt actually correspond to the 4/9/2004 loan to Waun Weingart for $320,000 from Chase Manhattan Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-11).

        h)     The 10/25/04 loan to Waun Weingart for $397,000 from Washington Mutual Bank for the refinancing of 141 Lost Angel Road (Loan Code L-7) was outstanding as of 11/15/04 and was not listed on the loan application for S-14 as a liability and on the Schedule of Real Estate Owned.

        i)     The 11/15/04 loan to Waunita Weingart for $360,400 from Ohio Savings Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-13) was outstanding as of 11/15/04 and was not listed on the loan application for S-14 as a liability and on the Schedule of Real Estate Owned.

        j)     The 11/15/04 loan to Waun Weingart for $400,000 from Lehman Brothers Bank for the refinancing of 141 Lost Angel Road (Loan Code L-8) was outstanding as of 11/15/04 and was not listed on the loan application for S-14 as a liability and on the Schedule of Real Estate Owned.

        8.     For the $496,000 loan made to Waun Weingart on or about August 19, 2005 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-15):

        a)     790 Magnolia St, Scottsdale, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $401,761 liability to Washington Mutual FA listed in the Liabilities Section of the loan application, or the debt of $401,761 to Washington Mutual

26

listed in the credit report. That liability and that debt actually correspond to the 5/6/2004 loan to Waun Weingart for $400,000 from Washington Mutual Bank (WAMU) for the refinancing of 7766 Saxeborough Drive (Loan Code S-12).

        b)     770 Sunrise Pl, Pheonix [sic], AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $405,688 liability to Chase Manhattan Mort listed in the Liabilities Section of the loan application, or the debt of $405,688 to Chase Manhattan M listed in the credit report. That liability and that debt actually correspond to the 4/9/2004 loan to Waun Weingart for $410,000 from Chase Manhattan Mortgage for the refinancing of 141 Lost Angel Road (Loan Code L-5).

        c)     7605 California, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $32,403 liability to Beneficial/HFC listed in the Liabilities Section of the loan application, or the debt of $32,403 to Beneficial/HFC listed in the credit report. That liability and that debt actually correspond to the 8/1/2002 loan to Craig & Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-7).

        d)     259 Falcons Fire Ave, Las Vegas, NV, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $357,739 liability to Aurora Loan Services listed in the Liabilities Section of the loan application, or the debt of $357,739 to Aurora Loan Servi listed in the credit report. That liability and that debt actually correspond to the 11/15/2004 loan to Waun Weingart for $360,000 from Lehman Brothers Bank for the refinancing of

7766 Saxeborough Drive (Loan Code S-14).

e)      2122 W. 44th Ave, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $396,949 liability to Washington Mutual FA listed in the Liabilities Section of the loan application, or the debt of $396,949 to Washington Mutual listed in the credit report.  That liability and that debt actually correspond to the 10/25/2004 loan to Waun Weingart for $397,000 from Washington Mutual Bank (WAMU) for the refinancing of 141 Lost Angel Road (Loan Code L-7).

f)      777 Sunrise Pl, Pheonix [sic], AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $316,552 liability to Chase Manhattan Mort listed in the Liabilities Section of the loan application, or the debt of $316,552 to Chase Manhattan M listed in the credit report.  That liability and that debt actually correspond to the 4/9/2004 loan to Waun Weingart for $320,000 from Chase Manhattan Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-11).

g)      7605 California SW, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $342,721 liability to Indymac Bank listed in the Liabilities Section of the loan application, or the debt of $342,721 to Indymac Bank listed in the credit report.  That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

h)      3165 S. Ogden, La Jolla, CA, an address listed on the Schedule of

28

Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $397,488 liability to Aurora Loan Services listed in the Liabilities Section of the loan application, or the debt of $397,488 to Aurora Loan Servi listed in the credit report.  That liability and that debt actually correspond to the 11/15/2004 loan to Waun Weingart for $400,000 from Lehman Brothers Bank for the refinancing of 141 Lost Angel Road (Loan Code L-8).

      i)     249 Falcons Fire Ave., Las Vegas, NV, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $359,293 liability to Ohio Savings Bank listed in the Liabilities Section of the loan application, or the debt of $359,293 to Ohio Savings Bank listed in the credit report.  That liability and that debt actually correspond to the 11/15/2004 loan to Waun Weingart for $360,400 from Ohio Savings Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-13).

      j)     The 10/12/00 loan to Craig and Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-6) was outstanding as of 8/19/05, but was not listed on the loan application for S-15 as a liability or on the Schedule of Real Estate Owned.

      9.     For the $406,250 loan made to Craig and Waun Weingart on or about August 26, 2005 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-16):

      a)     It is highly probable that 790 Magnolia Way, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which

was pledged as collateral for the $412,719 liability to EMC Mortgage listed in the Liabilities Section of the loan application, or the debt of $412,719 to EMC Mortgage listed in the credit report. That liability and that debt actually correspond to the 10/22/2003 loan to Alois Weingart for $420,000 from Peoples Choice Home Loan for the refinancing of as an yet unidentified property (Loan Code Unk-2).

        b)    141 Lost Angel Rd, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $392,860 liability to GMAC Mortgage Corp listed in the Liabilities Section of the loan application, or the debt of $392,860 to GMAC Mortgage Corp listed in the credit report. That liability and that debt actually correspond to the 1/27/2003 loan to Craig Weingart for $400,000 from General Mortgage Corp of America for the refinancing of 7766 Saxeborough Drive (Loan Code S-8).

        c)    2122 West 44th Avenue, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $342,721 liability to Indymac Bank listed in the Liabilities Section of the loan application, or the debt of $342,721 to Indymac Bank listed in the credit report. That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

        d)    The 10/12/00 loan to Craig and Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-6) was outstanding as of 8/26/05, but was not listed on the loan application for S-16 as a liability or on the Schedule of Real Estate Owned.

e)      The 8/1/02 loan to Craig and Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-7) was outstanding as of 8/26/05, but was not listed on the loan application for S-16 as a liability or on the Schedule of Real Estate Owned.

10.     For the $492,000 loan made to Craig Weingart on or about August 31, 2005 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-17):

a)      790 Magnolia Way, Scottsdale, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $412,719 liability to EMC Mortgage listed on the Schedule of Real Estate Owned Section of the loan application, or the debt of $412,719 to EMC Mortgage listed in the credit report. That liability and that debt actually correspond to the 10/22/2003 loan to Alois Weingart for $420,000 from Peoples Choice Home Loan for the refinancing of as an yet unidentified property (Loan Code Unk-2).

b)      3165 South Augdon, LaJalla, CA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $392,860 liability to GMAC Mortgage listed on the Schedule of Real Estate Owned Section of the loan application, or the debt of $392,860 to GMAC Mortgage Corp listed in the credit report. That liability and that debt actually correspond to the 1/27/2003 loan to Craig Weingart for $400,000 from General Mortgage Corp of America  for the refinancing of 7766 Saxeborough Drive (Loan Code S-8).

c)      2122 West 44th Ave., Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was

31

pledged as collateral for the $342,721 liability to Indy Mac listed on the Schedule of Real Estate Owned Section of the loan application, or the debt of $342,721 to Indymac Bank listed in the credit report.  That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

   d)  The 10/12/00 loan to Craig and Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-6) was outstanding as of 8/31/05, but was not listed on the loan application for S-17 as a liability or on the Schedule of Real Estate Owned.

   e)  The 8/1/02 loan to Craig and Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-7) was outstanding as of 8/31/05, but was not listed on the loan application for S-17 as a liability or on the Schedule of Real Estate Owned.

   f)  The 8/26/05 loan to Craig Weingart for $406,250 from World Savings Bank for the refinancing of 7766 Saxeborough (Loan Code S-16) was outstanding as of 8/31/05, but was not listed on the loan application for S-17 as a liability or on the Schedule of Real Estate Owned.

   11.  For the $400,000 loan made to Craig Weingart on or about September 7, 2005 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-18):

   a)  790 Magnolia Way, Scottsdale, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was

pledged as collateral for the $413,103 liability to EMC Mortgage listed in the Liabilities Section of the loan application, or the debt of $413,103 to EMC Mortgage listed in the credit report. That liability and that debt actually correspond to the 10/22/2003 loan to Alois Weingart for $420,000 from Peoples Choice Home Loan for the refinancing of as an yet unidentified property (Loan Code Unk-2).

      b)    141 Lost Angel Road, Boulder, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $392,860 liability to GMAC Mortgage listed in the Liabilities Section of the loan application, or the debt of $392,860 to GMAC Mortgage listed in the credit report. That liability and that debt actually correspond to the 1/27/2003 loan to Craig Weingart for $400,000 from General Mortgage Corp of America for the refinancing of 7766 Saxeborough Drive (Loan Code S-8).

      c)    2122 West 44th Ave., Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $343,164 liability to Indymac-HLS listed in the Liabilities Section of the loan application, or the debt of $343,164 to Indymac-HLS listed in the credit report. That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

      d)    The 10/12/00 loan to Craig and Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-6) was outstanding as of 9/7/05, but was not listed on the loan application for S-18 as a liability or on the Schedule of Real Estate Owned.

e)      The 8/1/02 loan to Craig and Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-7) was outstanding as of 9/7/05, but was not listed on the loan application for S-18 as a liability or on the Schedule of Real Estate Owned.

f)      The 8/26/05 loan to Craig Weingart for $406,250 from World Savings Bank for the refinancing of 7766 Saxeborough (Loan Code S-16) was outstanding as of 9/7/05, but was not listed on the loan application for S-18 as a liability or on the Schedule of Real Estate Owned.

g)      The 8/31/05 loan to Craig Weingart for $492,000 from Ocwen Loan Servicing for the refinancing of 7766 Saxeborough (Loan Code S-17) was outstanding as of 9/7/05, but was not listed on the loan application for S-18 as a liability or on the Schedule of Real Estate Owned.


12.     For the $425,000 loan made to Craig Weingart on or about September 21, 2005 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-19):

a)      2122 West 44th Ave., Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $342,721 liability to Indymac Bank listed in the Liabilities Section of the loan application, or the debt of $342,721 to Indymac Bank listed in the credit report.  That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

34

b)      3165 S. Ogden, La Jolla, CA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $392,860 liability to GMAC Mort. listed in the Liabilities Section of the loan application, or the debt of $392,860 to GMAC Mortgage listed in the credit report. That liability and that debt actually correspond to the 1/27/2003 loan to Craig Weingart for $400,000 from General Mortgage Corp of America    for the refinancing of 7766 Saxeborough Drive (Loan Code S-8).

c)      790 Magnolia Way, Scottsdale, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $412,719 liability to EMC Mortgage listed in the Liabilities Section of the loan application, or the debt of $412,719 to EMC Mortgage listed in the credit report. That liability and that debt actually correspond to the 10/22/2003 loan to Alois Weingart for $420,000 from Peoples Choice Home Loan for the refinancing of as an yet unidentified property (Loan Code Unk-2).

d)      The 10/12/00 loan to Craig and Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-6) was outstanding as of 9/21/05, but was not listed on the loan application for S-19 as a liability or on the Schedule of Real Estate Owned.

e)      The 8/1/02 loan to Craig and Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-7) was outstanding as of 9/21/05, but was not listed on the loan application for S-19 as a liability or on the Schedule of Real Estate Owned.

f)      The 8/26/05 loan to Craig Weingart for $406,250 from World Savings

Bank for the refinancing of 7766 Saxeborough (Loan Code S-16) was outstanding as of 9/21/05, but was not listed on the loan application for S-19 as a liability or on the Schedule of Real Estate Owned.

g)  The 8/31/05 loan to Craig Weingart for $492,000 from Ocwen Loan Servicing for the refinancing of 7766 Saxeborough (Loan Code S-17) was outstanding as of 9/21/05, but was not listed on the loan application for S-19 as a liability or on the Schedule of Real Estate Owned.

h)  The 9/7/05 loan to Craig Weingart for $400,000 from Chevy Chase Bank for the refinancing of 7766 Saxeborough (Loan Code S-18) was outstanding as of 9/21/05, but was not listed on the loan application for S-19 as a liability or on the Schedule of Real Estate Owned.

13.  For the $386,500 loan made to Craig Weingart on or about October 7, 2005 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-20):

a)  It is highly probable that 790 Magnolia Way, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $412,332 liability to EMC Mortgage listed in the Liabilities Section of the loan application, or the debt of $412,332 to EMC Mortgage* listed in the credit report.  That liability and that debt actually correspond to the 10/22/2003 loan to Alois Weingart for $420,000 from Peoples Choice Home Loan for the refinancing of as an yet unidentified property (Loan Code Unk-2).

b)  3165 Ogden S., an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral

36

for the $392,304 liability to GMAC Mort. listed in the Liabilities Section of the loan application, or the debt of $392,304 to GMAC Mort listed in the credit report.  That liability and that debt actually correspond to the 1/27/2003 loan to Craig Weingart for $400,000 from General Mortgage Corp of America  for the refinancing of 7766 Saxeborough Drive (Loan Code S-8).

c)      2122 West 44th Ave., an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $342,275 liability to Indymac Bank listed in the Liabilities Section of the loan application, or the debt of $342,275 to Indymac Bank listed in the credit report.  That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

d)      The 10/12/00 loan to Craig and Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-6) was outstanding as of 10/7/05, but was not listed on the loan application for S-20 as a liability or on the Schedule of Real Estate Owned.

e)      The 8/1/02 loan to Craig and Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-7) was outstanding as of 10/7/05, but was not listed on the loan application for S-20 as a liability or on the Schedule of Real Estate Owned.

f)      The 8/26/05 loan to Craig Weingart for $406,250 from World Savings Bank for the refinancing of 7766 Saxeborough (Loan Code S-16) was outstanding as of 10/7/05, but was not listed on the loan application for S-20 as a liability or on the

Schedule of Real Estate Owned.

g)     The 8/31/05 loan to Craig Weingart for $492,000 from Ocwen Loan Servicing for the refinancing of 7766 Saxeborough (Loan Code S-17) was outstanding as of 10/7/05, but was not listed on the loan application for S-20 as a liability or on the Schedule of Real Estate Owned.

h)     The 9/7/05 loan to Craig Weingart for $400,000 from Chevy Chase Bank for the refinancing of 7766 Saxeborough (Loan Code S-18) was outstanding as of 10/7/05, but was not listed on the loan application for S-20 as a liability or on the Schedule of Real Estate Owned.

i)     The 9/21/05 loan to Craig Weingart for $425,000 from National City Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-19) was outstanding as of 10/7/05, but was not listed on the loan application for S-20 as a liability or on the Schedule of Real Estate Owned.

14.     For the $400,000 loan made to Craig Weingart on or about October 13, 2005 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-21):

a)     790 Magnolia Way, Scottsdale, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $413,103 liability to EMC Mortgage listed in the Liabilities Section of the loan application.  That liability actually corresponds to the 10/22/2003 loan to Alois Weingart for $420,000 from Peoples Choice Home Loan for the refinancing of as an yet unidentified property (Loan Code Unk-2).

b)     3165 S. Odgen, La Jolla, CA, an address listed on the Schedule of

38

Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $392,860 liability to GMAC Mortgage listed in the Liabilities Section of the loan application.  That liability actually corresponds to the 1/27/2003 loan to Craig Weingart for $400,000 from General Mortgage Corp of America for the refinancing of 7766 Saxeborough Drive (Loan Code S-8).

        c)     2122 West 44th Ave., Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $343,164 liability to Indymac-HLS listed in the Liabilities Section of the loan application.  That liability actually corresponds to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

        d)     The 10/12/00 loan to Craig and Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-6) was outstanding as of 10/13/05, but was not listed on the loan application for S-21 as a liability or on the Schedule of Real Estate Owned.

        e)     The 8/1/02 loan to Craig and Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-7) was outstanding as of 10/13/05, but was not listed on the loan application for S-21 as a liability or on the Schedule of Real Estate Owned.

        f)     The 8/26/05 loan to Craig Weingart for $406,250 from World Savings Bank for the refinancing of 7766 Saxeborough (Loan Code S-16) was outstanding as of 10/13/05, but was not listed on the loan application for S-21 as a liability or on the Schedule of Real Estate Owned.

g)      The 8/31/05 loan to Craig Weingart for $492,000 from Ocwen Loan Servicing for the refinancing of 7766 Saxeborough (Loan Code S-17) was outstanding as of 10/13/05, but was not listed on the loan application for S-21 as a liability or on the Schedule of Real Estate Owned.

h)      The 9/7/05 loan to Craig Weingart for $400,000 from Chevy Chase Bank for the refinancing of 7766 Saxeborough (Loan Code S-18) was outstanding as of 10/13/05, but was not listed on the loan application for S-21 as a liability or on the Schedule of Real Estate Owned.

i)       The 9/21/05 loan to Craig Weingart for $425,000 from National City Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-19) was outstanding as of 10/13/05, but was not listed on the loan application for S-21 as a liability or on the Schedule of Real Estate Owned.

j)       The 10/7/05 loan to Craig Weingart for $386,500 from Irwin Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-20) was outstanding as of 10/13/05, but was not listed on the loan application for S-21 as a liability or on the Schedule of Real Estate Owned.

15.     For the $412,500 loan made to Craig Weingart on or about October 18, 2005 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-22):

a)      790 Magnolia Way, Scottsdale, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $412,332 liability to EMC Mortgage listed in the Liabilities Section of the loan application, or the debt of $412,332 to EMC Mortgage listed in the

credit report. That liability and that debt actually correspond to the 10/22/2003 loan to Alois Weingart for $420,000 from Peoples Choice Home Loan for the refinancing of as an yet unidentified property (Loan Code Unk-2).

b)     141 Lost Angle [sic] Rd., Boulder, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $392,583 liability to GMAC Mortgage C listed in the Liabilities Section of the loan application, or the debt of $392,583 to GMAC Mortgage Corp listed in the credit report. That liability and that debt actually correspond to the 1/27/2003 loan to Craig Weingart for $400,000 from General Mortgage Corp of America  for the refinancing of 7766 Saxeborough Drive (Loan Code S-8).

c)     2122 West 44th Ave., Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $342,275 liability to Indymac Bank listed in the Liabilities Section of the loan application, or the debt of $342,275 to Indymac Bank listed in the credit report. That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

d)     The 10/12/00 loan to Craig and Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-6) was outstanding as of 10/18/05, but was not listed on the loan application for S-22 as a liability or on the Schedule of Real Estate Owned.

e)     The 8/1/02 loan to Craig and Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-7) was

41

outstanding as of 10/18/05, but was not listed on the loan application for S-22 as a liability or on the Schedule of Real Estate Owned.

f)      The 8/26/05 loan to Craig Weingart for $406,250 from World Savings Bank for the refinancing of 7766 Saxeborough (Loan Code S-16) was outstanding as of 10/18/05, but was not listed on the loan application for S-22 as a liability or on the Schedule of Real Estate Owned.

g)      The 8/31/05 loan to Craig Weingart for $492,000 from Ocwen Loan Servicing for the refinancing of 7766 Saxeborough (Loan Code S-17) was outstanding as of 10/18/05, but was not listed on the loan application for S-22 as a liability or on the Schedule of Real Estate Owned.

h)      The 9/7/05 loan to Craig Weingart for $400,000 from Chevy Chase Bank for the refinancing of 7766 Saxeborough (Loan Code S-18) was outstanding as of 10/18/05, but was not listed on the loan application for S-22 as a liability or on the Schedule of Real Estate Owned.

i)      The 9/21/05 loan to Craig Weingart for $425,000 from National City Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-19) was outstanding as of 10/18/05, but was not listed on the loan application for S-22 as a liability or on the Schedule of Real Estate Owned.

j)      The 10/7/05 loan to Craig Weingart for $386,500 from Irwin Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-20) was outstanding as of 10/18/05, but was not listed on the loan application for S-22 as a liability or on the Schedule of Real Estate Owned.

k)      The 10/13/05 loan to Craig Weingart for $400,000 from WMC

42

Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-21) was outstanding as of 10/18/05, but was not listed on the loan application for S-22 as a liability or on the Schedule of Real Estate Owned.

16.     For the $568,000 and $142,000 loans made to Craig Weingart on or about December 5, 2005 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-23-A & S-23-B):

a)     3165 S. Odgen, La Jolla, CA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $487,320 liability to Countrywide Home Loans listed in the Liabilities Section of the loan application, or the debt of $487,320 to Countrywide Home Loans listed in the credit report.  That liability and that debt actually correspond to the 8/31/2005 loan to Craig Weingart for $492,000 from Ocwen Loan Servicing for the refinancing of 7766 Saxeborough Drive (Loan Code S-17).

b)     2122 West 44th Avenue, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $420,657 liability to National City Mortgage listed in the Liabilities Section of the loan application, or the debt of $420,657 to National City Mortgage listed in the credit report.  That liability and that debt actually correspond to the 9/21/2005 loan to Craig Weingart for $425,000 from National City Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-19).

c)     259 Falcon Fire Avenue, Las Vegas, NV, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which

43

was pledged as collateral for the $414,703 liability to World Savings Loan listed in the Liabilities Section of the loan application, or the debt of $414,703 to World Savings Loan listed in the credit report.  That liability and that debt actually correspond to the 8/26/2005 loan to Craig Weingart for $406,250 from World Savings Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-16).

        d)    249 Falcons Fire Avenue, Las Vegas, NV, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $410,978 liability to Chevy Chase Fed Sav Ba listed in the Liabilities Section of the loan application, or the debt of $410,978 to Chevy Chase Fed Sav Ba listed in the credit report.  That liability and that debt actually correspond to the 9/7/2005 loan to Craig Weingart for $400,000 from Chevy Chase Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-18).

        e)    777 Sunrise Place, Phoenix, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $408,397 liability to Wells Fargo Home Mortg listed in the Liabilities Section of the loan application, or the debt of $408,397 to Wells Fargo Home Mortg listed in the credit report.  That liability and that debt actually correspond to the 10/18/2005 loan to Craig Weingart for $412,500 from Wells Fargo Bank NA for the refinancing of 7766 Saxeborough Drive (Loan Code S-22).

        f)    790 Magnolia, Scottsdale, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $396,793 liability to Chase Manhattan Mortga listed in the Liabilities Section of the loan application, or the debt of $396,793 to Chase Manhattan Mortga listed

in the credit report. That liability and that debt actually correspond to the 10/13/2005 loan to Craig Weingart for $400,000 from WMC Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-21).

g)     767 Sunrise Place, Phoenix, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $391,355 liability to GMAC Mortgage listed in the Liabilities Section of the loan application, or the debt of $391,355 to GMAC Mortgage listed in the credit report. That liability and that debt actually correspond to the 1/27/2003 loan to Craig Weingart for $400,000 from General Mortgage Corp of America for the refinancing of 7766 Saxeborough Drive (Loan Code S-8).

h)     757 Sunrise Place, Phoenix, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $383,208 liability to Home Coming Funding NE listed in the Liabilities Section of the loan application, or the debt of $383,208 to Home Coming Funding NE listed in the credit report. That liability and that debt actually correspond to the 10/7/2005 loan to Craig Weingart for $386,500 from Irwin Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-20).

i)     7605 California SW, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $336,225 liability to Indymac Bank listed in the Liabilities Section of the loan application, or the debt of $336,225 to Indymac Bank listed in the credit report. That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766

Saxeborough Drive (Loan Code S-3).

j)      The 10/12/00 loan to Craig and Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-6) was outstanding as of 12/5/06, but was not listed on the loan application for S-23 as a liability or on the Schedule of Real Estate Owned.

k)      The 8/1/02 loan to Craig and Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-7) was outstanding as of 12/5/06, but was not listed on the loan application for S-23 as a liability or on the Schedule of Real Estate Owned.

17.      For the $440,000 loan made to Waun Weingart on or about December 22, 2006 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-24):

a)      7605 California SW, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $496,000 liability to AMC Mtg Svcs listed in the Liabilities Section of the loan application, or the debt of $496,000 to AMC Mtg Svcs listed in the credit report.  That liability and that debt actually correspond to the 8/19/2005 loan to Waun Weingart for $496,000 from Ameriquest Mortgage Company (AMC) for the refinancing of 7766 Saxeborough Drive (Loan Code S-15).

b)      3465 S. Ogden, Lajolla, CA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $406,698 liability to Wshngtn Mutl listed in the Liabilities Section of the

46

loan application, or the debt of $406,698 to Wshgtn Mutl listed in the credit report. That liability and that debt actually correspond to the 10/25/2004 loan to Waun Weingart for $397,000 from Washington Mutual Bank (WAMU) for the refinancing of 141 Lost Angel Road (Loan Code L-7).

c)      790 Magnolia Way, Scottsdale, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $391,370 liability to Aurora Loan listed in the Liabilities Section of the loan application, or the debt of $391,370 to Aurora Loan listed in the credit report. That liability and that debt actually correspond to the 11/15/2004 loan to Waun Weingart for $400,000 from Lehman Brothers Bank for the refinancing of 141 Lost Angel Road (Loan Code L-8).

d)      249 Falcons Fire Avenue, Las Vegas, NV, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $352,406 liability to AMTrust Bk listed in the Liabilities Section of the loan application, or the debt of $352,406 to AMTrust Bk listed in the credit report. That liability and that debt actually correspond to the 11/15/2004 loan to Waun Weingart for $360,400 from Ohio Savings Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-13).

e)      259 Falcons Fire Avenue, Lsa [sic] Vegas, NV, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $352,233 liability to Aurora Loan listed in the Liabilities Section of the loan application, or the debt of $352,233 to Aurora Loan listed in the credit report. That liability and that debt actually correspond to the 11/15/2004 loan to

47

Waun Weingart for $360,000 from Lehman Brothers Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-14).

f)      777 Sunrise Place, Phoenix, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $311,318 liability to Chase listed in the Liabilities Section of the loan application, or the debt of $311,318 to Chase listed in the credit report.  That liability and that debt actually correspond to the 4/9/2004 loan to Waun Weingart for $320,000 from Chase Manhattan Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-11).

g)      The 7/29/99 loan to Craig and Waun Weingart for $363,300 from Broad Street Mortgage for the  refinancing of 7766 Saxeborough (Loan Code S-3) was outstanding as of 12/22/06, but was not listed on the loan application for S-24 as a liability or on the Schedule of Real Estate Owned.

h)      The 8/7/00 loan to Craig and Waun Weingart for $397,500 from Flagstar Bank for the  refinancing of 7766 Saxeborough (Loan Code S-5) was outstanding as of 12/22/06, but was not listed on the loan application for S-24 as a liability or on the Schedule of Real Estate Owned.

i)      The 10/12/00 loan to Craig and Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-6) was outstanding as of 12/22/06, but was not listed on the loan application for S-24 as a liability or on the Schedule of Real Estate Owned.

j)      The 8/1/02 loan to Craig and Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-7) was

48

outstanding as of 12/22/06, but was not listed on the loan application for S-24 as a liability or on the Schedule of Real Estate Owned

      k)     The 4/9/04 loan to Waun Weingart for $410,000 from Chase Manhattan Mortgage for the refinancing of 7766 Saxeborough (Loan Code L-5) was outstanding as of 12/22/06, but was not listed on the loan application for S-24 as a liability or on the Schedule of Real Estate Owned.

      18.    For the $86,300 loan made to Craig Weingart on or about October 30, 2007 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-25):

      a)     86555 West Way, Austin, TX, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $330,738 liability to Indymac Bank listed in the Liabilities Section of the loan application, or the debt of $330,738 to Indymac Bank listed in the credit report.  That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

      b)     2122 West 44th Ave., an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $482,338 liability to Countrywide listed in the Liabilities Section of the loan application, or the debt of $482,338 to Countrywide Home Loans listed in the credit report. That liability and that debt actually correspond to the 8/31/2005 loan to Craig Weingart for $492,000 from Ocwen Loan Servicing  for the refinancing of 7766 Saxeborough Drive (Loan Code S-17).

49

c)      259 Falcons Fire Ave, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $426,166 liability to Chevy Chase listed in the Liabilities Section of the loan application, or the debt of $426,166 to Chevy Chase Fed Sav Ba listed in the credit report.  That liability and that debt actually correspond to the 9/7/2005 loan to Craig Weingart for $400,000 from Chevy Chase Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-18).

d)      249 Falcons Fire Ave, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $416,048 liability to National City listed in the Liabilities Section of the loan application, or the debt of $416,048 to National City Mortgage listed in the credit report. That liability and that debt actually correspond to the 9/21/2005 loan to Craig Weingart for $425,000 from National City Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-19).

e)      7605 California SW, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $403,636 liability to Wells Fargo listed in the Liabilities Section of the loan application, or the debt of $403,636 to Wells Fargo Home Mortg listed in the credit report. That liability and that debt actually correspond to the 10/18/2005 loan to Craig Weingart for $412,500 from Wells Fargo Bank NA for the refinancing of 7766 Saxeborough Drive (Loan Code S-22).

f)      430-450 E. 6th Ave, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral

for the $393,035 liability to Chase listed in the Liabilities Section of the loan application, or the debt of $393,035 to Chase Manhattan Mortga listed in the credit report.  That liability and that debt actually correspond to the 10/13/2005 loan to Craig Weingart for $400,000 from WMC Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-21).

g)      141 Lost Angel Rd, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $387,892 liability to GMAC Mort. listed in the Liabilities Section of the loan application, or the debt of $387,892 to GMAC Mort. listed in the credit report.  That liability and that debt actually correspond to the 1/27/2003 loan to Craig Weingart for $400,000 from General Mortgage Corp of America  for the refinancing of 7766 Saxeborough Drive (Loan Code S-8).

h)      575-579 Pennsylvania, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $380,647 liability to Homecoming listed in the Liabilities Section of the loan application, or the debt of $380,647 to Homecoming listed in the credit report.  That liability and that debt actually correspond to the 10/7/2005 loan to Craig Weingart for $386,500 from Irwin Mortgage  for the refinancing of 7766 Saxeborough Drive (Loan Code S-20).

i)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for the $370,536 liability to Flagstar Bank listed in the Liabilities Section of the loan application or the debt of $370,536 to Flagstar Bank listed in the credit report.  That liability and that debt actually correspond to the 8/7/2000 loan to Craig & Waun Weingart for $397,500 from Flagstar Bank for the refinancing of 7766

Saxeborough Drive (Loan Code S-5).

j)      There was no address listed on the Schedule of Real Estate Owned

Section of the loan application for the $143,056 liability to Saxon Mtg listed in the Liabilities

Section of the loan application, or the debt of $143,056 to Saxon Mortgage Service listed

in the credit report.  That liability and that debt actually correspond to the 12/5/2006 loan

to Craig Weingart for $142,000 from New Century Mortgage for the refinancing of 7766

Saxeborough Drive (Loan Code S-23-B).

k)      There was no address listed on the Schedule of Real Estate Owned

Section of the loan application for the $571,764 liability to Saxon Mortgage Service listed

in the Liabilities Section of the loan application, or the debt of $571,764 to Saxon Mortgage

Service listed in the credit report.  That liability and that debt actually correspond to the

12/5/2006 loan to Craig Weingart for $568,000 from New Century Mortgage for the

refinancing of 7766 Saxeborough Drive (Loan Code S-23-A).

l)      The 10/12/00 loan to Craig and Waun Weingart for $356,000 from

Option One Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-6) was

outstanding as of 10/30/07, but was not listed on the loan application for S-25 as a liability

or on the Schedule of Real Estate Owned.

m)      The 8/1/02 loan to Craig and Waun Weingart for $35,000 from

Beneficial Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-7) was

outstanding as of 10/30/07, but was not listed on the loan application for S-25 as a liability

or on the Schedule of Real Estate Owned.


19.     For the $417,000 and $32,000  loans made to Alois Weingart on or about

52

January 18, 2008 for the refinancing of 7766 Saxeborough Drive, Castle Rock, Colorado, (Loan Code S-26-A and S-26-B):

a)      3165 S Ogden, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $571,443 liability to Saxon Mortgage Servi listed in the Schedule of Real Estate Owned Section of the loan application, or the debt of $571,443 to Saxon Mortgage Servi listed in the credit report.  That liability and that debt actually correspond to the 12/5/2006 loan to Craig Weingart for $568,000 from New Century Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-23-A).

b)      2122 West 44th Ave., an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $480,923 liability to Countrywide Home Loa listed in the Schedule of Real Estate Owned Section of the loan application, or the debt of $480,923 to Countrywide Home Loa listed in the credit report.  That liability and that debt actually correspond to the 8/31/2005 loan to Craig Weingart for $492,000 from Ocwen Loan Servicing  for the refinancing of 7766 Saxeborough Drive (Loan Code S-17).

c)      259 Falcon Fire Ave, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $430,399 liability to Chevy Chase listed in the Schedule of Real Estate Owned Section of the loan application, or the debt of $430,399 to Chevy Chase  listed in the credit report.  That liability and that debt actually correspond to the 9/7/2005 loan to Craig  Weingart  for  $400,000  from  Chevy  Chase  Bank  for  the  refinancing  of  7766 Saxeborough Drive (Loan Code S-18).

53

d)      259 Falcon Fire Ave, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $20,200 liability to World Savings listed in the Schedule of Real Estate Owned Section of the loan application, or the debt of $20,200 to World Savings & Loan listed in the credit report.  That liability and that debt actually correspond to the 10/30/2007 loan to Craig Weingart for $86,300 from World Savings Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-25).

e)      249 Falcon Fire Ave, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $414,743 liability to Ntl City Mtg listed in the Schedule of Real Estate Owned Section of the loan application, or the debt of $414,743 to Ntl City Mtg listed in the credit report.  That liability and that debt actually correspond to the 9/21/2005 loan to Craig Weingart for $425,000 from National City Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-19).

f)      7605 California SW Ave, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $402,291 liability to WF Hme Mrtg listed in the Schedule of Real Estate Owned Section of the loan application, or the debt of $402,291 to WF Hme Mrtg listed in the credit report.  That liability and that debt actually correspond to the 10/18/2005 loan to Craig Weingart for $412,500 from Wells Fargo Bank NA for the refinancing of 7766 Saxeborough Drive (Loan Code S-22).

g)      430-450 E. 6th Ave, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral

54

for the $391,966 liability to  listed in the Liabilities Section of the loan application, or the

debt of $391,966 to Chase Manhattan Mort listed in the credit report.  That liability and that

debt actually correspond to the 10/13/2005 loan to Craig Weingart for $400,000 from WMC

Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-21).

      h)    There was no address listed on the Schedule of Real Estate Owned

Section of the loan application for part of the $2,055,875 liability listed in the Liabilities

Section of the loan application, or the debt of $430,476 to World Savings  listed in the

credit report.  Part of that liability and that debt actually correspond to the 8/26/2005 loan

to Craig Weingart for $406,250 from World Savings Bank for the refinancing of 7766

Saxeborough Drive (Loan Code S-16).

      i)    There was no address listed on the Schedule of Real Estate Owned

Section of the loan application for part of the $2,055,875 liability listed in the Liabilities

Section of the loan application, or the debt of $329,179 to Indymac-HLS listed in the credit

report.  Part of that liability and that debt actually correspond to the 7/29/1999 loan to Craig

& Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766

Saxeborough Drive (Loan Code S-3).

      j)    There was no address listed on the Schedule of Real Estate Owned

Section of the loan application for part of the $2,055,875 liability listed in the Liabilities

Section of the loan application, or the debt of $386,775 to GMAC Mort listed in the credit

report.  Part of that liability and that debt actually correspond to the 1/27/2003 loan to Craig

Weingart for $400,000 from General Mortgage Corp of America for the refinancing of 7766

Saxeborough Drive (Loan Code S-8).

      k)    There was no address listed on the Schedule of Real Estate Owned

Section of the loan application for part of the $2,055,875 liability listed in the Liabilities Section of the loan application, or the debt of $379,840 to Home Coming Funding listed in the credit report.  Part of that liability and that debt actually correspond to the 10/7/2005 loan to Craig Weingart for $386,500 from Irwin Mortgage  for the refinancing of 7766 Saxeborough Drive (Loan Code S-20).

l)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,055,875 liability listed in the Liabilities Section of the loan application, or the debt of $369,774 to Flagstar Bk listed in the credit report.  Part of that liability and that debt actually correspond to the 8/7/2000 loan to Craig & Waun Weingart for $397,500 from Flagstar Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-5).

m)     There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,055,875 liability listed in the Liabilities Section of the loan application, or the debt of $142,860 to Saxon Mortgage Servi listed in the credit report.  Part of that liability and that debt actually correspond to the 12/5/2006 loan to Craig Weingart for $142,000 from New Century Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-23-B).

n)     The 10/12/00 loan to Craig and Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-6) was outstanding as of 1/18/08, but was not listed on the loan application for S-26 as a liability or on the Schedule of Real Estate Owned.

o)     The 8/1/02 loan to Craig and Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-7) was

outstanding as of 1/18/08, but was not listed on the loan application for S-26 as a liability or on the Schedule of Real Estate Owned.

20.     For the $278,000 loan made to John Gallegos on or about March 31, 2002 for the refinancing of 141 Lost Angel Rd., Boulder, CO., (Loan Code L-1):

a)     141 Lost Angel Road, Boulder, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $124,000 liability to Equicredit listed in the Liabilities Section of the loan application.  That liability actually corresponds to the 9/22/00 loan to John Gallegos for $124,720 from Stonecreek Funding for the refinancing of 430 E. 6th Avenue (Loan Code 6th-2).

b)     There was no an address listed on the Schedule of Real Estate Owned Section of the loan application for the "Paid Off" liability to Flagstar Bank listed in the Liabilities Section of the loan application.  That liability actually corresponds to the 9/22/2000 loan to John Gallegos for $124,700 from Flagstar Bank for the refinancing of 430 E. 6th Avenue (Loan Code 6th-1) which was outstanding as of 3/21/02.

c)     422 E. 6th Avenue., Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $136,579 liability to Homecomings Financial listed in the Liabilities Section of the loan application. That liability actually corresponds to the 7/11/01 loan to John Gallegos for $136,800 from Matrix Financial Services for the refinancing of 430 E. 6th Avenue (Loan Code 6th-4).

d)     428 E. 6th Ave., Denver, CO, an address listed on the Schedule of

57

Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $136,000 liability to Ocwen Fed listed in the Liabilities Section of the loan application. That liability actually corresponds to the 12/20/2001 loan to John Gallegos for $136,800 from Bridge Capital Corp  for the refinancing of 430 E. 6th Avenue (Loan Code 6th-6).

e)      The 11/30/01 loan to John Gallegos for $136,800 from CBSK Financial dba American Home Loans for the refinancing of 430 E. 6th Avenue (Loan Code 6th-5-A) was outstanding as of 3/21/02 and was not listed on the loan application for L-1 as a liability and on the Schedule of Real Estate Owned.

f)      The 11/30/01 loan to John Gallegos for $34,200 from CBSK Financial dba American Home Loans for the refinancing of 430 E. 6th Avenue (Loan Code 6th-5-B) was outstanding as of 3/21/02 and was not listed on the loan application for L-1 as a liability and on the Schedule of Real Estate Owned.

21.     For the $400,000 loan made to John Gallegos on or about March 29, 2002 for the refinancing of 141 Lost Angel Rd., Boulder, CO., (Loan Code L-2):

a)      422 E. 6th Ave., Denver, CO, an address listed on the Liabilities Section of the loan application, is not the property which was pledged as collateral for the "Paid Off" liability to Flagstar Bank listed in the Liabilities Section of the loan application. That liability actually corresponds to the 9/22/2000 loan to John Gallegos for $124,700 from Flagstar Bank for the refinancing of 430 E. 6th Avenue (Loan Code 6th-1) which was outstanding as of 3/29/02.

b)      141 Lost Angel Road, Boulder, CO, an address listed on the Schedule

58

of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $136,000 liability to Loan Works listed in the Liabilities Section of the loan application.  That liability actually corresponds to the 6/25/2001 loan to John Gallegos for $136,800 from Peoples Choice Home Loan for the refinancing of 430 E. 6th Avenue (Loan Code 6th-3).

        c)     422 E. 6th Ave., Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $136,579 liability to Homecomings Financial listed in the Liabilities Section of the loan application.  That liability actually corresponds to the 7/11/01 loan to John Gallegos for $136,800 from Matrix Financial Services for the refinancing of 430 E. 6th Avenue (Loan Code 6th-4).

        d)     426 E. 6th Ave., Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $136,000 liability to Ocwen Fed listed in the Liabilities Section of the loan application.  That liability actually corresponds to the 12/20/2001 loan to John Gallegos for $136,800 from Bridge Capital Corp  for the refinancing of 430 E. 6th Avenue (Loan Code 6th-6).

        e)     The 11/30/01 loan to John Gallegos for $136,800 from CBSK Financial dba American Home Loans for the refinancing of 430 E. 6th Avenue (Loan Code 6th-5-A) was outstanding as of 3/29/02 and was not listed on the loan application for L-2 as a liability and on the Schedule of Real Estate Owned.

        f)     The 11/30/01 loan to John Gallegos for $34,200 from CBSK Financial dba American Home Loans for the refinancing of 430 E. 6th Avenue (Loan Code 6th-5-B)

was outstanding as of 3/29/02 and was not listed on the loan application for L-2 as a liability and on the Schedule of Real Estate Owned.

g)     The 3/21/02 loan to John Gallegos for $278,000 from Aames Funding for the refinancing of 141 Lost Angel Road (Loan Code L-1) was outstanding as of 3/29/02 and was not listed on the loan application for L-2 as a liability and on the Schedule of Real Estate Owned.

22.     For the $229,800 loan made to John Gallegos on or about June 25, 2002 for the refinancing of 141 Lost Angel Rd., Boulder, CO., (Loan Code L-3):

a)     141 Lost Angel Road, Boulder, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $124,000 liability to Equicredit listed in the Liabilities Section of the loan application, or the debt of $123,768 to Equicredit Corp listed in the credit report. That liability and that debt actually correspond to the 9/22/00 loan to John Gallegos for $124,720 from Stonecreek Funding for the refinancing of 430 E. 6th Avenue (Loan Code 6th-2).

b)     422 E. 6th Avenue , an address listed in the Liabilities Section of the loan application, is not the property which was pledged as collateral for the "Paid Off" liability to Flagstar Bank listed in the Liabilities Section of the loan application, or the debt of $123,362 to Flagstar Bank listed in the credit report.  That liability and that debt actually correspond to the 9/22/2000 loan to John Gallegos for $124,700 from Flagstar Bank for the refinancing of 430 E. 6th Avenue (Loan Code 6th-1).

c)     426 E. 6th Ave, Denver, CO, an address listed on the Schedule of

Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $136,000 liability to Ocwen Fed listed in the Liabilities Section of the loan application, or the debt of $136,000 to Ocwen Fed listed in the credit report.  That liability and that debt actually correspond to the 12/20/2001 loan to John Gallegos for $136,800 from Bridge Capital Corp  for the refinancing of 430 E. 6th Avenue (Loan Code 6th-6).

> d)   422 E. 6th Ave, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $136,000 liability to Loanworks I.E. Indymac listed in the Liabilities Section of the loan application, or the debt of $135,805 to Indymack Bk Loan Works listed in the credit report.  That liability and that debt actually correspond to the 6/25/2001 loan to John Gallegos for $136,800 from Peoples Choice Home Loan for the refinancing of 430 E. 6th Avenue (Loan Code 6th-3).

> e)   5603 California SW, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $338,214 liability to Countrywide listed in the Liabilities Section of the loan application, or the debt of $335,833 to Countrywide listed in the credit report. That liability and that debt actually correspond to the 7/19/2001 loan to John Gallegos for $337,500 from Resource Bank  for the refinancing of 7603 California Avenue SW (Loan Code Calif-1).

> f)   5603 California SW, an address listed in the Liabilities Section of the loan application, is not the property which was pledged as collateral for the $136,800 liability to Olympus Servicing listed in the Liabilities Section of the loan application, or the

debt of $136,410 to Olympus Servicing LP listed in the credit report.  That liability and that debt actually correspond to the 11/30/2001 loan to John Gallegos for $136,800 from CBSK Financial dba American Home Loans  for the refinancing of 430 E. 6th Avenue (Loan Code 6th-5-A).

        g)     5939 W. 44th Ave SW, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $279,801 liability to Aames Home Loans listed in the Liabilities Section of the loan application, or the debt of $279,801 to Aames Home Loan listed in the credit report.  That liability and that debt actually correspond to the 3/21/2002 loan to John Gallegos for $278,000 from Aames Funding for the refinancing of 141 Lost Angel Road (Loan Code L-1).

        h)     The 11/30/01 loan to John Gallegos for $34,200 from CBSK Financial dba American Home Loans for the refinancing of 430 E. 6th Avenue (Loan Code 6th-5-B) was outstanding as of 6/25/02 and was not listed on the loan application for L-3 as a liability and on the Schedule of Real Estate Owned.

        i)     The 3/29/02 loan to John Gallegos for $400,000 from Resource Bank for the refinancing of 141 Lost Angel Road (Loan Code L-2) was outstanding as of 6/25/02 and was not listed on the loan application for L-3 as a liability and on the Schedule of Real Estate Owned.

    23.    For the $400,000 loan made to John Gallegos on or about February 13, 2004 for the refinancing of 141 Lost Angel Rd., Boulder, CO., (Loan Code L-4):

        a)     141 Lost Angel Road, Boulder, CO, an address listed on the Schedule

of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $395,185 liability to LSC listed in the Liabilities Section of the loan application, or the debt of $395,185 to LSC listed in the credit report. That liability and that debt actually correspond to the 3/29/2002 loan to John Gallegos for $400,000 from Resource Bank for the refinancing of 141 Lost Angel Road (Loan Code L-2).

b)      21789 California SW, Puget Sound, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $355,665 liability to Countrywide listed in the Liabilities Section of the loan application, or the debt of $355,665 to Countrywide Home Loans listed in the credit report. That liability and that debt actually correspond to the 12/27/2002 loan to John Gallegos for $360,000 from for the refinancing of 7603 California Avenue SW (Loan Code Calif-2).

c)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for the $134,627 liability to Home Coming Funding listed in the Liabilities Section of the loan application, or the debt of $134,627 to Home Coming Funding NE listed in the credit report. That liability and that debt actually correspond to the 7/11/01 loan to John Gallegos for $136,800 from Matrix Financial Services for the refinancing of 430 E. 6th Avenue (Loan Code 6th-4).

d)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for the $133,731 liability to Indymac listed in the Liabilities Section of the loan application, or the debt of $133,731 to Indymac Bank listed in the credit report. That liability and that debt actually correspond to the 6/25/2001 loan to John Gallegos for $136,800 from Peoples Choice Home Loan for the refinancing of 430 E. 6th

63

Avenue (Loan Code 6th-3).

e)      1317 S. Raleigh Street, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $135,022 liability to Ocwen Federal Bank listed in the Liabilities Section of the loan application, or the debt of $135,022 to Ocwen Federal Bank listed in the credit report.  That liability and that debt actually correspond to the 12/20/2001 loan to John Gallegos for $136,800 from Bridge Capital Corp  for the refinancing of 430 E. 6th Avenue (Loan Code 6th-6).

f)      1515 S. Navajo Street, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $134,585 liability to Ocwen Federal Bank listed in the Liabilities Section of the loan application, or the debt of $134,585 to Ocwen Federal Bank listed in the credit report.  That liability and that debt actually correspond to the 11/30/2001 loan to John Gallegos for $136,800 from CBSK Financial dba American Home Loans  for the refinancing of 430 E. 6th Avenue (Loan Code 6th-5-A).

g)      1519 S. Navajo Street, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $122,000 liability to Flagstar Bank listed in the Liabilities Section of the loan application, or the debt of $122,000 to Flagstar Bank listed in the credit report.  That liability and that debt actually correspond to the 9/22/00 loan to John Gallegos for $124,720 from Stonecreek Funding for the refinancing of 430 E. 6th Avenue (Loan Code 6th-2).

h)      The 9/22/00 loan to John Gallegos for $124,700 from Flagstar Bank

for the refinancing of 430 E. 6th Avenue (Loan Code 6th-1) was outstanding as of 2/13/04 and was not listed on loan application for L-4 as a liability and on the Schedule of Real Estate Owned.

   i)  77217 Terra Cr, Scottsdale, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $271,688 liability to LSC listed in the Liabilities Section of the loan application, or the debt of $271,688 to LSC listed in the credit report.  That liability and that debt actually correspond to the 3/21/2002 loan to John Gallegos for $278,000 from Aames Funding for the refinancing of 141 Lost Angel Road (Loan Code L-1).

   j)  1213 S. Mariposa, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $227,037 liability to Home Coming Funding listed in the Liabilities Section of the loan application, or the debt of $227,037 to Home Coming Funding NE listed in the credit report.  That liability and that debt actually correspond to the 6/25/2002 loan to John Gallegos for $229,800 from General Mortgage Corp of America for the refinancing of 141 Lost Angel Road (Loan Code L-3).

   k)  21789 California SW, Puget Sound, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $34,045 liability to Wilshire Credit Corp listed in the Liabilities Section of the loan application, or the debt of $34,045 to Wilshire Credit Corp listed in the credit report.  That liability and that debt actually correspond to the 11/30/2001 loan to John Gallegos for $34,200 from CBSK Financial dba American Home Loans  for the refinancing of 430 E. 6th Avenue (Loan Code 6th-5-B).

24.     For the $444,500 loan made to John Gallegos on or about May 24, 2004 for the refinancing of 141 Lost Angel Rd., Boulder, CO., (Loan Code L-6):

a)     141 Lost Angel Road, Boulder, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $351,620 liability to Countrywide Fund listed in the Liabilities Section of the loan application, or the debt of $0 to Countrywide listed in the credit report. That liability and that debt actually correspond to the 8/24/1998 loan to Craig & Waun Weingart for $372,000 from Standard Financial Corp dba Standard Loans for the refinancing of 7766 Saxeborough Drive (Loan Code S-2).

b)     4325- 430 E. 5th Ave., Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $350,306 liability to Loanworks listed in the Liabilities Section of the loan application, or the debt of $349,503 to Indymac-HLS listed in the credit report. That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

c)     2122 W. 44th, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $349,780 liability to Option One listed in the Liabilities Section of the loan application, or the debt of $349,587 to Option One listed in the credit report. That liability and that debt actually correspond to the 10/12/2000 loan to Craig & Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-6).

66

d)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for the $34,267 liability to Benfcl/HFC listed in the Liabilities Section of the loan application, or the debt of $32,900 to Benfcl/HFC listed in the credit report.  That liability and that debt actually correspond to the 8/1/2002 loan to Craig & Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-7).

e)      The 4/9/04 loan to Waun Weingart for $320,000 from Chase Manhattan Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-11) was outstanding as of 5/24/04 and was not listed on the loan application for L-6 as a liability and on the Schedule of Real Estate Owned.

f)      The 4/9/04 loan to Waun Weingart for $410,000 from Chase Manhattan Mortgage for the refinancing of 141 Lost Angel Road (Loan Code L-5) was outstanding as of 5/24/04 and was not listed on the loan application for L-6 as a liability and on the Schedule of Real Estate Owned.

g)      The 5/6/04 loan to Waun Weingart for $400,000 from Washington Mutual Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-12) was outstanding of 5/24/04 and was not listed on the loan application for L-6 as a liability and on the Schedule of Real Estate Owned.

25.    For the $397,000 loan made to Waun Weingart on or about October 22, 2004 for the refinancing of 141 Lost Angel Rd., Boulder, CO., (Loan Code L-7):

a)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for the $32,763 liability to Benfcl/HFC listed in the Liabilities

67

Section of the loan application, or the debt of $32,763 to Benfcl/HFC listed in the credit report.  That liability and that debt actually correspond to the 8/1/2002 loan to Craig & Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-7).

b)      2122 W. 44th, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $319,227 liability to Chase Manhattan Mortga listed in the Liabilities Section of the loan application, or the debt of $319,227 to Chase Manhattan Mortga listed in the credit report.  That liability and that debt actually correspond to the 4/9/2004 loan to Waun Weingart for $320,000 from Chase Manhattan Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-11).

c)      3165 S Ogden St, San Diego, CA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $409,034 liability to Chase Manhattan Mortga listed in the Liabilities Section of the loan application, or the debt of $409,034 to Chase Manhattan Mortga listed in the credit report.  That liability and that debt actually correspond to the 4/9/2004 loan to Waun Weingart for $410,000 from Chase Manhattan Mortgage for the refinancing of 141 Lost Angel Road (Loan Code L-5).

d)      7603 SW California, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $444,500 liability to Countrywide Home Loans listed in the Liabilities Section of the loan application, or the debt of $444,500 to Countrywide Home Loans listed in the credit report.  That liability and that debt actually correspond to the

5/24/2004 loan to Waun Weingart for $444,500 from America's Wholesale Lender for the refinancing of 141 Lost Angel Road (Loan Code L-6).

e)    141 Lost Angel Road, Boulder, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $385,997 liability to Flagstar Bank listed in the Liabilities Section of the loan application, or the debt of $385,997 to Flagstar Bank listed in the credit report.  That liability and that debt actually correspond to the 8/7/2000 loan to Craig & Waun Weingart for $397,500 from Flagstar Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-5).

f)    421-430 E. 6th Ave., Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $347,452 liability to Indymac Bank listed in the Liabilities Section of the loan application, or the debt of $347,452 to Indymac Bank listed in the credit report.  That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

g)    790 Magnolia Way, Scottsdale, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $348,390 liability to Option One Mortgage listed in the Liabilities Section of the loan application, or the debt of $348,390 to Option One Mortgage listed in the credit report.  That liability and that debt actually correspond to the 10/12/2000 loan to Craig & Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-6).

26.     For the $400,000 loan made to Waun Weingart on or about November 15, 2004 for the refinancing of 141 Lost Angel Rd., Boulder, CO., (Loan Code L-8):

a)     There was no address listed on the Schedule of Real Estate Owned Section of the loan application for the $32,799 liability to Beneficial/HFC listed in the Liabilities Section of the loan application, or the debt of $32,799 to Beneficial/HFC listed in the credit report.  That liability and that debt actually correspond to the 8/1/2002 loan to Craig & Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-7).

b)     141 Lost Angel Road, Boulder, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $387,443.40 liability to Flagstar Bank listed in the Liabilities Section of the loan application, or the debt of $385,997 to Flagstar Bank listed in the credit report.  That liability and that debt actually correspond to the 8/7/2000 loan to Craig & Waun Weingart for $397,500 from Flagstar Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-5).

c)     790 Magnolia Way, Scottsdale, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $399,143 liability to WAMU listed in the Liabilities Section of the loan application, or the debt of $399,143 to Wshngtn Mutl listed in the credit report. That liability and that debt actually correspond to the 5/6/2004 loan to Waun Weingart for $400,000 from Washington Mutual Bank (WAMU) for the refinancing of 7766 Saxeborough Drive (Loan Code S-12).

d)     421-430 E. 6th Ave., Denver, CO, an address listed on the Schedule

70

of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $347,452 liability to Indymac Bank listed in the Liabilities Section of the loan application, or the debt of $347,452 to Indymac Bank listed in the credit report. That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

e)      7603 SW California St, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $444,500 liability to Countrywide Fund listed in the Liabilities Section of the loan application, or the debt of $444,500 to Countrywide Fund listed in the credit report. That liability and that debt actually correspond to the 5/24/2004 loan to Waun Weingart for $444,500 from America's Wholesale Lender for the refinancing of 141 Lost Angel Road (Loan Code L-6).

f)      La Jolla, CA, a location listed on the Schedule of Real Estate Owned Section of the loan application, is not the location of the property which was pledged as collateral for part of the $728,261 liability to Chase Manhattan Mort listed in the Liabilities Section of the loan application, or the debt of $409,034 to Chase Manhattan Mortga listed in the credit report. Part of that liability and that debt actually correspond to the 4/9/2004 loan to Waun Weingart for $410,000 from Chase Manhattan Mortgage for the refinancing of 141 Lost Angel Road (Loan Code L-5).

g)      Seattle, WA, a location listed on the Schedule of Real Estate Owned Section of the loan application, is not the location of the property which was pledged as collateral for part of the $728,261 liability to Chase Manhattan Mort listed in the Liabilities

71

Section of the loan application, or the debt of $319,227 to Chase Manhattan Mortga listed in the credit report.  Part of that liability and that debt actually correspond to the 4/9/2004 loan to Waun Weingart for $320,000 from Chase Manhattan Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-11).

h)     The 10/25/04 loan to Waun Weingart for $397,000 from Washington Mutual Bank for the refinancing of 141 Lost Angel Road (Loan Code L-7) was outstanding as of 11/15/04 and was not listed on the loan application for L-8 as a liability and on the Schedule of Real Estate Owned.

i)     The 11/15/04 loan to Waunita Weingart for $360,400 from Ohio Savings Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-13) was outstanding as of 11/15/04 and was not listed on the loan application for L-8 as a liability and on the Schedule of Real Estate Owned.

j)     The 11/15/04 loan to Waun Weingart for $360,000 from Lehman Brothers Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-14) was outstanding as of 11/15/04 and was not listed on the loan application for L-8 as a liability and on the Schedule of Real Estate Owned.

27.     For the $400,000 loan made to John Gallegos on or about August 25, 2005 for the refinancing of 141 Lost Angel Rd., Boulder, CO., (Loan Code L-9):

a)     561 Pennsylvania, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $120,449 liability to Flagstar Bank listed in the Liabilities Section of the

72

loan application, or the debt of $120,449 to Flagstar Bank listed in the credit report. That liability and that debt actually correspond to the 9/22/2000 loan to John Gallegos for $124,700 from Flagstar Bank for the refinancing of 430 E. 6th Avenue (Loan Code 6th-1).

b)      571 Pennsylvania, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $132,911 liability to Home Coming Fun listed in the Liabilities Section of the loan application, or the debt of $132,911 to Home Coming Funding listed in the credit report. That liability and that debt actually correspond to the 7/11/01 loan to John Gallegos for $136,800 from Matrix Financial Services for the refinancing of 430 E. 6th Avenue (Loan Code 6th-4).

c)      2122 W. 44th Avenue, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $223,681 liability to Home Coming Fun listed in the Liabilities Section of the loan application, or the debt of $223,681 to Home Coming Funding listed in the credit report. That liability and that debt actually correspond to the 6/25/2002 loan to John Gallegos for $229,800 from General Mortgage Corp of America  for the refinancing of 141 Lost Angel Road (Loan Code L-3).

d)      777 Sunrise Place, Phoenix, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $267,168 liability to Select Portfolio Svc listed in the Liabilities Section of the loan application, or the debt of $267,168 to Select Portfolio Svcin listed in the credit report. That liability and that debt actually correspond to the 3/21/2002 loan to John Gallegos for $278,000 from Aames Funding for the refinancing of 141 Lost Angel

73

Road (Loan Code L-1).

    e)  There was no address listed on the Schedule of Real Estate Owned Section of the loan application for the $34,253 liability to Wilshire Credit Corp listed in the Liabilities Section of the loan application, or the debt of $34,276 to Wilshire Credit Corp listed in the credit report.  That liability and that debt actually correspond to the 11/30/2001 loan to John Gallegos for $34,200 from CBSK Financial dba American Home Loans  for the refinancing of 430 E. 6th Avenue (Loan Code 6th-5-B).

    f)  563 Pennsylvania, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $131,517 liability to Indymac Bank listed in the Liabilities Section of the loan application, or the debt of $131,517 to Indymac Bank listed in the credit report.  That liability and that debt actually correspond to the 6/25/2001 loan to John Gallegos for $136,800 from Peoples Choice Home Loan for the refinancing of 430 E. 6th Avenue (Loan Code 6th-3).

    g)  569 Pennsylvania, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $132,000 liability to Ocwen Federal B listed in the Liabilities Section of the loan application, or the debt of 132300 to Ocwen Federal Bank listed in the credit report.  That liability and that debt actually correspond to the 11/30/2001 loan to John Gallegos for $136,800 from CBSK Financial dba American Home Loans  for the refinancing of 430 E. 6th Avenue (Loan Code 6th-5-A).

    h)  576 Pennsylvania, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged

as collateral for the $133,298 liability to Ocwen Federal B listed in the Liabilities Section

of the loan application, or the debt of $133,298 to Ocwen Federal Bank listed in the credit

report.  That liability and that debt actually correspond to the 12/20/2001 loan to John

Gallegos for $136,800 from Bridge Capital Corp  for the refinancing of 430 E. 6th Avenue

(Loan Code 6th-6).

        I)      2523 W. 45th Avenue, Seattle, WA, an address listed on the

Schedule of Real Estate Owned Section of the loan application, is not the property which

was pledged as collateral for the $267,168 liability to Select Portfoli listed in the Liabilities

Section of the loan application, or the debt of $389,606 to Select Portfolio Svcin listed in

the credit report.  That liability and that debt actually correspond to the 3/29/2002 loan to

John Gallegos for $400,000 from Resource Bank  for the refinancing of 141 Lost Angel

Road (Loan Code L-2).

        j)      430 E. 6th Ave., Denver, CO, an address listed on the Schedule of

Real Estate Owned Section of the loan application, is not the property which was pledged

as collateral for the $120,838 liability to Select Portfoli listed in the Liabilities Section of the

loan application, or the debt of $120,838 to Select Portfolio Svcin listed in the credit report.

That liability and that debt actually correspond to the 9/22/00 loan to John Gallegos for

$124,720 from Stonecreek Funding for the refinancing of 430 E. 6th Avenue (Loan Code

6th-2).

        28.     For the $495,000 loan made to John Gallegos on or about December 27,

2006 for the refinancing of 141 Lost Angel Rd., Boulder, CO., (Loan Code L-11):

        a)      434 E. 6th Ave., Denver, CO, an address listed on the Schedule of

Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $118,889 liability to Flagstar Bank listed in the Liabilities Section of the loan application, or the debt of $118,889 to Flagstar Bank listed in the credit report.  That liability and that debt actually correspond to the 9/22/2000 loan to John Gallegos for $124,700 from Flagstar Bank for the refinancing of 430 E. 6th Avenue (Loan Code 6th-1).

b)      575 Pennsylvania, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $221,773 liability to Home Coming Fun listed in the Liabilities Section of the loan application, or the debt of $221,773 to Home Coming Funding listed in the credit report.  That liability and that debt actually correspond to the 6/25/2002 loan to John Gallegos for $229,800 from General Mortgage Corp of America  for the refinancing of 141 Lost Angel Road (Loan Code L-3).

c)      569 Pennsylvania, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $131,176 liability to Home Coming Fun listed in the Liabilities Section of the loan application, or the debt of $131,176 to Home Coming Funding listed in the credit report.  That liability and that debt actually correspond to the 7/11/01 loan to John Gallegos for $136,800 from Matrix Financial Services for the refinancing of 430 E. 6th Avenue (Loan Code 6th-4).

d)      563 Pennsylvania, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $129,631 liability to Indymac Bank listed in the Liabilities Section of the loan application, or the debt of $129,631 to Indymac Bank listed in the credit report.  That

liability and that debt actually correspond to the 6/25/2001 loan to John Gallegos for $136,800 from Peoples Choice Home Loan for the refinancing of 430 E. 6th Avenue (Loan Code 6th-3).

   e)  2523 W. 45th Ave, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $395,992 liability to Wells Fargo Home Mor listed in the Liabilities Section of the loan application, or the debt of $395,992 to Wells Fargo Home Mor listed in the credit report.  That liability and that debt actually correspond to the 8/25/2005 loan to John Gallegos for $400,000 from Wells Fargo Bank NA for the refinancing of 141 Lost Angel Road (Loan Code L-9).

   f)  7603 California SW, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $34,074 liability to Wilshire Credit Corp listed in the Liabilities Section of the loan application, or the debt of $34,074 to Wilshire Credit Corp listed in the credit report.  That liability and that debt actually correspond to the 11/30/2001 loan to John Gallegos for $34,200 from CBSK Financial dba American Home Loans  for the refinancing of 430 E. 6th Avenue (Loan Code 6th-5-B).

   g)  561 Pennsylvania, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $128,596 liability to Ocwen Loan Serv listed in the Liabilities Section of the loan application, or the debt of $128,596 to Ocwen Loan Servicing listed in the credit report.  That liability and that debt actually correspond to the 11/30/2001 loan to John Gallegos for $136,800 from CBSK Financial dba American Home Loans  for the

refinancing of 430 E. 6th Avenue (Loan Code 6th-5-A).

h)    571 Pennsylvania, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $132,016 liability to Ocwen Loan Serv listed in the Liabilities Section of the loan application, or the debt of $132,016 to Ocwen Loan Servicing listed in the credit report.  That liability and that debt actually correspond to the 12/20/2001 loan to John Gallegos for $136,800 from Bridge Capital Corp  for the refinancing of 430 E. 6th Avenue (Loan Code 6th-6).

l)    7603 California SW, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $389,961 liability to Ohio Savings Ba listed in the Liabilities Section of the loan application, or the debt of $389,961 to Ohio Savings Bank listed in the credit report.  That liability and that debt actually correspond to the 2/13/2004 loan to John Gallegos for $400,000 from 1st Mariner Bank  for the refinancing of 141 Lost Angel Road (Loan Code L-4).

j)    430 E. 6th Ave., Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $119,692 liability to Select Portfoli listed in the Liabilities Section of the loan application, or the debt of $119,692 to Select Portfolio Svc listed in the credit report. That liability and that debt actually correspond to the 9/22/00 loan to John Gallegos for $124,720 from Stonecreek Funding for the refinancing of 430 E. 6th Avenue (Loan Code 6th-2).

k)    2122 W. 44th Ave, Seattle, WA, an address listed on the Schedule of

Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $264,722 liability to Select Portfoli listed in the Liabilities Section of the loan application, or the debt of $264,722 to Select Portfolio Svc listed in the credit report. That liability and that debt actually correspond to the 3/21/2002 loan to John Gallegos for $278,000 from Aames Funding for the refinancing of 141 Lost Angel Road (Loan Code L-1).

l)       777 Sunrise Place, Phoenix, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $366,928 liability to Washington Mutu listed in the Liabilities Section of the loan application, or the debt of $366,928 to Washington Mutual FA listed in the credit report.  That liability and that debt actually correspond to the 4/15/2005 loan to John Gallegos for $359,000 from Washington Mutual Bank (WAMU) for the refinancing of 7603 California Avenue SW (Loan Code Calif-3).

29.       For the $465,000 loan made to Waun Weingart on or about December 29, 2006 for the refinancing of 7766 Saxeborough Drive, Castle Rock, CO., (Loan Code L-12):

a)       7605 California SW, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $496,000 liability to AMC Mtg Svcs listed in the Liabilities Section of the loan application, or the debt of $496,000 to AMC Mtg Svcs listed in the credit report.  That liability and that debt actually correspond to the 8/19/2005 loan to Waun Weingart for $496,000 from Ameriquest Mortgage Company (AMC) for the refinancing of 7766 Saxeborough Drive (Loan Code S-15).

b)      7766 Saxeborough, Castle Rock, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $446,867.66 liability to Countrywide 1115720 listed in the Liabilities Section of the loan application, or the debt of $444,500 to Countrywide listed in the credit report.  That liability and that debt actually correspond to the 5/24/2004 loan to Waun Weingart for $444,500 from America's Wholesale Lender for the refinancing of 141 Lost Angel Road (Loan Code L-6).

c)      141 Lost Angel Road, Boulder, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $413,888 liability to Wshngtn Mutl listed in the Liabilities Section of the loan application, or the debt of $413,888 to Wshgtn Mutl listed in the credit report.  That liability and that debt actually correspond to the 5/6/2004 loan to Waun Weingart for $400,000 from Washington Mutual Bank (WAMU) for the refinancing of 7766 Saxeborough Drive (Loan Code S-12).

d)      3465 South Ogden, Lajolla, CA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $406,698 liability to Wshngtn Mutl listed in the Liabilities Section of the loan application, or the debt of $406,698 to Wshgtn Mutl listed in the credit report.  That liability and that debt actually correspond to the 10/25/2004 loan to Waun Weingart for $397,000 from Washington Mutual Bank (WAMU) for the refinancing of 141 Lost Angel Road (Loan Code L-7).

e)      790 Magnolia Way, Scottsdale, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was

pledged as collateral for the $391,370 liability to Aurora Loan listed in the Liabilities Section of the loan application, or the debt of $391,370 to Aurora Loan listed in the credit report. That liability and that debt actually correspond to the 11/15/2004 loan to Waun Weingart for $400,000 from Lehman Brothers Bank for the refinancing of 141 Lost Angel Road (Loan Code L-8).

f)    259 Falcons Fire Avenue, Las Vegas, NV, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $352,406 liability to AMTrust Bk listed in the Liabilities Section of the loan application, or the debt of $352,406 to AMTrust Bk listed in the credit report.  That liability and that debt actually correspond to the 11/15/2004 loan to Waun Weingart for $360,400 from Ohio Savings Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-13).

g)    There was no address listed on the Schedule of Real Estate Owned Section of the loan application for the  $352,233 liability to Aurora Loan listed in the Liabilities Section of the loan application, or the debt of $352,233 to Aurora Loan listed in the credit report.  That liability and that debt actually correspond to the 11/15/2004 loan to Waun Weingart for $360,000 from Lehman Brothers Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-14).

h)    There was no address listed on the Schedule of Real Estate Owned Section of the loan application for the $311,318 liability to Chase listed in the Liabilities Section of the loan application, or the debt of $311,318 to Chase listed in the credit report. That liability and that debt actually correspond to the 4/9/2004 loan to Waun Weingart for $320,000 from Chase Manhattan Mortgage for the refinancing of 7766 Saxeborough Drive

(Loan Code S-11).

i)      The 7/29/99 loan to Craig and Waun Weingart for $363,300 from Broad Street Mortgage for the  refinancing of 7766 Saxeborough (Loan Code S-3) was outstanding as of 12/29/06, but was not listed on the loan application for L-12 as a liability or on the Schedule of Real Estate Owned.

j)      The 8/7/00 loan to Craig and Waun Weingart for $397,500 from Flagstar Bank for the  refinancing of 7766 Saxeborough (Loan Code S-5) was outstanding as of 12/29/09, but was not listed on the loan application for L-12 as a liability or on the Schedule of Real Estate Owned.

k)      The 10/12/00 loan to Craig and Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-6) was outstanding as of 12/29/06, but was not listed on the loan application for L-12 as a liability or on the Schedule of Real Estate Owned.

l)      The 8/1/02 loan to Craig and Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-7) was outstanding as of 12/29/06, but was not listed on the loan application for L-12 as a liability or on the Schedule of Real Estate Owned

m)      The 10/25/04 loan to Waun Weingart for $410,000 from Chase Manhattan Mortgage for the refinancing of 141 Lost Angel Road (Loan Code L-5) was outstanding as of 12/29/06, but was not listed on the loan application for L-12 as a liability or on the Schedule of Real Estate Owned.

n)      The 12/22/06 loan to Waun Weingart for $440,000 from Equifirst for the refinancing of 7766 Saxeborough (Loan Code S-24) was outstanding as of 12/29/06,

but was not listed on the loan application for L-12 as a liability or on the Schedule of Real Estate Owned.

30.     For the $450,000 loan made to Waun Weingart on or about January 23, 2007 for the refinancing of 7766 Saxeborough Drive, Castle Rock, CO., (Loan Code L-13):

a)     1144 Alameda Blvd., San Diego, CA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $496,000 liability to AMC Mtg Svcs listed in the Liabilities Section of the loan application, or the debt of $496,000 to AMC Mortgage Services listed in the credit report.  That liability and that debt actually correspond to the 8/19/2005 loan to Waun Weingart for $496,000 from Ameriquest Mortgage Company (AMC) for the refinancing of 7766 Saxeborough Drive (Loan Code S-15).

b)     749 I Avenue, Coronado, CA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $413,889 liability to Wshgtn Mutl listed in the Liabilities Section of the loan application, or the debt of $414,989 to Washington Mutual FA listed in the credit report.  That liability and that debt actually correspond to the 5/6/2004 loan to Waun Weingart for $400,000 from Washington Mutual Bank (WAMU) for the refinancing of 7766 Saxeborough Drive (Loan Code S-12).

c)     1035 G Avenue, San Diego, CA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $406,699 liability to Wshgtn Mutl listed in the Liabilities Section of the loan application, or the debt of $407,581 to Washington Mutual FA listed in the credit

report. That liability and that debt actually correspond to the 10/25/2004 loan to Waun Weingart for $397,000 from Washington Mutual Bank (WAMU) for the refinancing of 141 Lost Angel Road (Loan Code L-7).

           d)    1302 Sherman (A), Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $391,370 liability to Aurora Loan listed in the Liabilities Section of the loan application, or the debt of $390,969 to Aurora Loan Services listed in the credit report. That liability and that debt actually correspond to the 11/15/2004 loan to Waun Weingart for $400,000 from Lehman Brothers Bank for the refinancing of 141 Lost Angel Road (Loan Code L-8).

           e)    1302 Sherman (B), Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $352,233 liability to Aurora Loan listed in the Liabilities Section of the loan application, or the debt of $351,872 to Aurora Loan Services listed in the credit report. That liability and that debt actually correspond to the 11/15/2004 loan to Waun Weingart for $360,000 from Lehman Brothers Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-14).

           f)    571 Pennsylvania, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $350,361 liability to AMTrust Bk listed in the Liabilities Section of the loan application, or the debt of $352,406 to Ohio Savings Bank listed in the credit report. That liability and that debt actually correspond to the 11/15/2004 loan to Waun Weingart for $360,400 from Ohio Savings Bank for the refinancing of 7766 Saxeborough Drive (Loan

Code S-13).

g)      575 Pennsylvania, Denver, CO, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $311,318 liability to Chase listed in the Liabilities Section of the loan application, or the debt of $311,318 to Chase Manhattan Mortga listed in the credit report. That liability and that debt actually correspond to the 4/9/2004 loan to Waun Weingart for $320,000 from Chase Manhattan Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-11).

h)      790 Magnolia St, Scottsdale, AZ, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $399,514 liability to Chase Manhattan Mortgage listed in the Liabilities Section of the loan application, or the debt of $399,514 to Chase Manhattan Mortga listed in the credit report.  That liability and that debt actually correspond to the 4/9/2004 loan to Waun Weingart for $410,000 from Chase Manhattan Mortgage for the refinancing of 141 Lost Angel Road (Loan Code L-5).

i)      7605 California SW, Seattle, WA, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $334,764 liability to Indy mac Bank listed in the Liabilities Section of the loan application, or the debt of $334,764 to Indymac Bank listed in the credit report.  That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

j)      There was no address listed on the Schedule of Real Estate Owned

85

Section of the loan application for the $31,857 liability to Beneficial listed in the Liabilities Section of the loan application, or the debt of $31,857 to Beneficial/HFC listed in the credit report. That liability and that debt actually correspond to the 8/1/2002 loan to Craig & Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-7).

       k)     The 10/12/00 loan to Craig and Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-6) was outstanding as of 1/23/07, but was not listed on the loan application for L-13 as a liability or on the Schedule of Real Estate Owned.

       l)     The 12/22/06 loan to Waun Weingart for $440,000 from Equifirst for the refinancing of 7766 Saxeborough (Loan Code S-24) was outstanding as of 1/23/07, but was not listed on the loan application for L-13 as a liability or on the Schedule of Real Estate Owned.

       m)    The 12/29/06 loan to Waun Weingart for $465,000 from Equifirst for the refinancing of 141 Lost Angel Road (Loan Code L-12) was outstanding as of 1/23/07, but was not listed on the loan application for L-13 as a liability or on the Schedule of Real Estate Owned.

       31.    For the $417,000 and $28,362 loans made to Waun Weingart on or about March 14, 2008 for the refinancing of 7766 Saxeborough Drive, Castle Rock, CO., (Loan Code L-14-A and L-14-B):

       a)     7603 California SW, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral

for the $449,537 liability to Countrywide Home Loans listed in the Liabilities Section and

the Schedule of Real Estate Owned Section of the loan application, or the debt of

$449,537 to Countrywide Home Loans listed in the credit report.  That liability and that debt

actually correspond to the 1/23/2007 loan to Waun Weingart for $450,000 from New

Century Mortgage for the refinancing of 141 Lost Angel Road (Loan Code L-13).

        b)      579-580 Pennsylvania Ave, an address listed on the Schedule of Real

Estate Owned Section of the loan application, is not the property which was pledged as

collateral for the $368,986 liability to Flagstar Bank listed in the Liabilities Section and the

Schedule of Real Estate Owned Section of the loan application, or the debt of $368,986

to Flagstar Bank listed in the credit report.  That liability and that debt actually correspond

to the 8/7/2000 loan to Craig & Waun Weingart for $397,500 from Flagstar Bank for the

refinancing of 7766 Saxeborough Drive (Loan Code S-5).

        c)      249 Falcons Fire Way, an address listed on the Schedule of Real

Estate Owned Section of the loan application, is not the property which was pledged as

collateral for the $420,178 liability to Washington Mutual FA listed in the Liabilities Section

and the Schedule of Real Estate Owned Section of the loan application, or the debt of

$420,178 to Washington Mutual FA listed in the credit report.  That liability and that debt

actually correspond to the 10/25/2004 loan to Waun Weingart for $397,000 from

Washington Mutual Bank (WAMU) for the refinancing of 141 Lost Angel Road (Loan Code

L-7).

        d)      575-579 Pennsylvania Ave, an address listed on the Schedule of Real

Estate Owned Section of the loan application, is not the property which was pledged as

collateral for the $385,556 liability to Aurora Loan Services I listed in the Liabilities Section

and the Schedule of Real Estate Owned Section of the loan application, or the debt of $385,556 to Aurora Loan Services I listed in the credit report.  That liability and that debt actually correspond to the 11/15/2004 loan to Waun Weingart for $400,000 from Lehman Brothers Bank for the refinancing of 141 Lost Angel Road (Loan Code L-8).

   e)  790 Magnolia Wy., an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $347,001 liability to Aurora Loan Services I listed in the Liabilities Section and the Schedule of Real Estate Owned Section of the loan application, or the debt of $347,001 to Aurora Loan Services I listed in the credit report.  That liability and that debt actually correspond to the 11/15/2004 loan to Waun Weingart for $360,000 from Lehman Brothers Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-14).

   f)  32587 Fox Hollow, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $327,591 liability to  listed in the Liabilities Section and the Schedule of Real Estate Owned Section of the loan application, or the debt of $327,591 to Indymac Bank listed in the credit report.  That liability and that debt actually correspond to the 7/29/1999 loan to Craig & Waun Weingart for $363,300 from Broad Street Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-3).

   g)  There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,927,248 liability listed in the Liabilities Section of the loan application, or the debt of $464,175 to Homeq listed in the credit report. Part of that liability and that debt actually correspond to the 12/29/2006 loan to Waun Weingart for $465,000 from EquiFirst  for the refinancing of 141 Lost Angel Road (Loan

88

Code L-12).

h)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,927,248 liability listed in the Liabilities Section of the loan application, or the debt of $444,500 to Countrywide Home Loans listed in the credit report.  Part of that liability and that debt actually correspond to the 5/24/2004 loan to Waun Weingart for $444,500 from America's Wholesale Lender for the refinancing of 141 Lost Angel Road (Loan Code L-6).

i)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,927,248 liability listed in the Liabilities Section of the loan application, or the debt of $439,175 to Homeq listed in the credit report. Part of that liability and that debt actually correspond to the 12/22/2006 loan to Waun Weingart for $440,000 from Equifirst for the refinancing of 7766 Saxeborough Drive (Loan Code S-24).

j)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,927,248 liability listed in the Liabilities Section of the loan application, or the debt of $393,794 to Chase Manhattan Mortga listed in the credit report.  Part of that liability and that debt actually correspond to the 4/9/2004 loan to Waun Weingart for $410,000 from Chase Manhattan Mortgage for the refinancing of 141 Lost Angel Road (Loan Code L-5).

k)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,927,248 liability listed in the Liabilities Section of the loan application, or the debt of $346,639 to Ohio Sav listed in the credit report.  Part of that liability and that debt actually correspond to the 11/15/2004 loan to

Waun Weingart for $360,400 from Ohio Savings Bank for the refinancing of 7766 Saxeborough Drive (Loan Code S-13).

  l)  There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,927,248 liability listed in the Liabilities Section of the loan application, or the debt of $307,068 to Chase Manhattan Mortga listed in the credit report.  Part of that liability and that debt actually correspond to the 4/9/2004 loan to Waun Weingart for $320,000 from Chase Manhattan Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-11).

  m)  There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,927,248 liability listed in the Liabilities Section of the loan application, or the debt of $496,000 to Citirl listed in the credit report.  Part of that liability and that debt actually correspond to the 8/19/2005 loan to Waun Weingart for $496,000 from Ameriquest Mortgage Company (AMC) for the refinancing of 7766 Saxeborough Drive (Loan Code S-15).

  n)  There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,927,248 liability listed in the Liabilities Section of the loan application, or the debt of $31,408 to HFC listed in the credit report.  Part of that liability and that debt actually correspond to the 8/1/2002 loan to Craig & Waun Weingart for $35,000 from Beneficial Mortgage for the refinancing of 7766 Saxeborough Drive (Loan Code S-7).

  o)  The 10/12/00 loan to Craig and Waun Weingart for $356,000 from Option One Mortgage for the refinancing of 7766 Saxeborough (Loan Code S-6) was outstanding as of 3/14/08, but was not listed on the loan application for L-14 as a liability

or on the Schedule of Real Estate Owned.

32.     For the $417,000 loan made to John Gallegos on or about April 21, 2008 for the refinancing of 141 Lost Angel Rd., Boulder, CO., (Loan Code L-15):

a)     777 Sunrise Place, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $385,239 liability to Ohio Sav listed in the Liabilities Section and the Schedule of Real Estate Owned Section of the loan application, or the debt of $385,239 to Ohio Sav listed in the credit report. That liability and that debt actually correspond to the 2/13/2004 loan to John Gallegos for $400,000 from 1st Mariner Bank for the refinancing of 141 Lost Angel Road (Loan Code L-4).

b)     20 Whistler Pine Way, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $390,593 liability to WlsFgr HmMtg listed in the Liabilities Section and the Schedule of Real Estate Owned Section of the loan application, or the debt of $390,593 to WlsFgr HmMtg listed in the credit report. That liability and that debt actually correspond to the 8/25/2005 loan to John Gallegos for $400,000 from Wells Fargo Bank NA for the refinancing of 141 Lost Angel Road (Loan Code L-9).

c)     575 Pennsylvania St, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $262,298 liability to Select Portfolio Svcin listed in the Liabilities Section and the Schedule of Real Estate Owned Section of the loan application, or the debt of $262,298 to Select Portfolio Svcin listed in the credit report. That liability and that debt

91

actually correspond to the 3/21/2002 loan to John Gallegos for $278,000 from Aames Funding for the refinancing of 141 Lost Angel Road (Loan Code L-1).

   d) 563 Pennsylvania Ave, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $129,190 liability to Home Coming Funding NE listed in the Liabilities Section  and the Schedule of Real Estate Owned Section of the loan application, or the debt of $129,190 to Home Coming Funding listed in the credit report.  That liability and that debt actually correspond to the 7/11/01 loan to John Gallegos for $136,800 from Matrix Financial Services for the refinancing of 430 E. 6th Avenue (Loan Code 6th-4).

   e) 561 Pennsylvania Av, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $127,738 liability to  listed in the Liabilities Section  and the Schedule of Real Estate Owned Section of the loan application, or the debt of $127,738 to Indymac Bank listed in the credit report.  That liability and that debt actually correspond to the 6/25/2001 loan to John Gallegos for $136,800 from Peoples Choice Home Loan for the refinancing of 430 E. 6th Avenue (Loan Code 6th-3).

   f) There was no address listed on the Schedule of Real Estate Owned Section of the loan application for the $381,616 liability to Wshntn Mutl listed in the Liabilities Section or the debt of $381,616 to Wshngtn Mutl listed in the credit report.  That liability and that debt actually correspond to the 4/15/05 loan to John Gallegos for $359,000 from Washington Mutual Bank for the refinancing of 7603 California Avenue SW (Loan Code Calif-3).

   g) There was no address listed on the Schedule of Real Estate Owned

92

Section of the loan application for part of the $2,347,272 liability listed in the Liabilities Section of the loan application, or the debt of $489,404 to WlsFgr HmMtg listed in the credit report. Part of that liability and that debt actually correspond to the 12/27/2006 loan to John Gallegos for $495,000 from Wells Fargo Bank NA for the refinancing of 141 Lost Angel Road (Loan Code L-11).

h)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,347,272 liability listed in the Liabilities Section of the loan application, or the debt of $465,160 to Countrywide listed in the credit report. Part of that liability and that debt actually correspond to the 10/12/2007 loan to John Gallegos for $465,500 from Countrywide Home Loans for the refinancing of 7603 California Avenue SW (Loan Code Calif-4).

i)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,347,272 liability listed in the Liabilities Section of the loan application, or the debt of $383,200 to Bk of Amer listed in the credit report. Part of that liability and that debt actually correspond to the 1/22/2008 loan to John Gallegos for $383,200 from Bank of America for the refinancing of 7603 California Avenue SW (Loan Code Calif-5).

j)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,347,272 liability listed in the Liabilities Section of the loan application, or the debt of $379,158 to Select Portfolio Svcin listed in the credit report. Part of that liability and that debt actually correspond to the 3/29/2002 loan to John Gallegos for $400,000 from Resource Bank for the refinancing of 141 Lost Angel Road (Loan Code L-2).

93

k)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,347,272 liability listed in the Liabilities Section of the loan application, or the debt of $127,023 to Ocwen Loan Servicing listed in the credit report.  Part of that liability and that debt actually correspond to the 11/30/2001 loan to John Gallegos for $136,800 from CBSK Financial dba American Home Loans  for the refinancing of 430 E. 6th Avenue (Loan Code 6th-5-A).

l)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,347,272 liability listed in the Liabilities Section of the loan application, or the debt of $118,516 to Select Portfolio Svcin listed in the credit report.  Part of that liability and that debt actually correspond to the 9/22/00 loan to John Gallegos for $124,720 from Stonecreek Funding for the refinancing of 430 E. 6th Avenue (Loan Code 6th-2).

m)     There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,347,272 liability listed in the Liabilities Section of the loan application, or the debt of $100,085 to Bk of Amer listed in the credit report.  Part of that liability and that debt actually correspond to the 1/2008 loan to John Gallegos for $100,000 from Bank of America for the refinancing of 7603 California Avenue SW (Loan Code Calif-6).

n)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $2,347,272 liability listed in the Liabilities Section of the loan application, or the debt of $222,187 to Home Coming Funding listed in the credit report.  Part of that liability and that debt actually correspond to the 6/25/2002 loan to John Gallegos for $229,800 from General Mortgage Corp of America  for the

94

refinancing of 141 Lost Angel Road (Loan Code L-3).

o)      There was no address listed on the Schedule of Real Estate Owned

Section of the loan application for part of the $2,347,272 liability listed in the Liabilities

Section of the loan application, or the debt of $130,758 to Ocwen Loan Servicing listed in

the credit report.  Part of that liability and that debt actually correspond to the 12/20/2001

loan to John Gallegos for $136,800 from Bridge Capital Corp  for the refinancing of 430 E.

6th Avenue (Loan Code 6th-6).

33.     For the $136,800 loan made to John Gallegos on or about November 30,

2001 for the refinancing of 430 6th Avenue, Denver, CO., (Loan Code 6th-5):

a)      422 E. 6th Avenue, Denver, CO, an address listed on the Schedule

of Real Estate Owned Section of the loan application, is not the property which was

pledged as collateral for the $123,000 liability to Flagstar Bank listed in the Liabilities

Section of the loan application.  That liability actually corresponds to the 9/22/2000 loan

to John Gallegos for $124,700 from Flagstar Bank for the refinancing of 430 E. 6th Avenue

(Loan Code 6th-1).

b)      The 6/25/01 loan to John Gallegos for $136,800 from Peoples Choice

Home Loans for the refinancing of 430 E. 6th Avenue (Loan Code 6th-3) was outstanding

as of 11/30/01, but was not listed on the loan application for 6th-5 as a liability or on the

Schedule of Real Estate Owned.

c)      The 7/11/01 loan to John Gallegos for $136,800 from Matrix Financial

Services for the refinancing of 430 E. 6th Avenue (Loan Code 6th-4) was outstanding as

of 11/30/01, but was not listed on the loan application for 6th-5 as a liability or on the

Schedule of Real Estate Owned.

        d)      The 7/19/01 loan to John Gallegos for $337,500 from Resource Bank for the refinancing of 7603 California Avenue SW (Loan Code Calif-1) was outstanding as of 11/30/01, but was not listed on the loan application for 6th-5 as a liability of on the Schedule or Real Estate Owned.

        34.      For the $383,200 loan made to John Gallegos on or about January 22, 2008 for the refinancing of 7603 California Avenue SW, Seattle, WA., (Loan Code Calif-5):

        a)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for the $33,897 liability to Wilshire Credit Corp listed in the Liabilities Section of the loan application, or the debt of $33,897 to Wilshire Credit Corp listed in the credit report.  That liability and that debt actually correspond to the 11/30/2001 loan to John Gallegos for $34,200 from CBSK Financial dba American Home Loans  for the refinancing of 430 E. 6th Avenue (Loan Code 6th-5-B).

        b)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for the $385,809 liability to Amtrust Bk listed in the Liabilities Section of the loan application, or the debt of $385,809 to Amtrust Bk listed in the credit report.  That liability and that debt actually correspond to the 2/13/2004 loan to John Gallegos for $400,000 from 1st Mariner Bank  for the refinancing of 141 Lost Angel Road (Loan Code L-4).

        c)      There was no address listed on the Schedule of Real Estate Owned Section of the loan application for the $490,732 liability to WF Hme Mrtg listed in the Liabilities Section of the loan application, or the debt of $490,732 to WF Hme Mrtg listed

in the credit report. That liability and that debt actually correspond to the 12/27/2006 loan to John Gallegos for $495,000 from Wells Fargo Bank NA for the refinancing of 141 Lost Angel Road (Loan Code L-11).

        d)     There was no address listed on the Schedule of Real Estate Owned Section of the loan application for the $380,276 liability to Select Portfolio Svc listed in the Liabilities Section of the loan application, or the debt of $380,276 to Select Portfolio Svc listed in the credit report. That liability and that debt actually correspond to the 3/29/2002 loan to John Gallegos for $400,000 from Resource Bank for the refinancing of 141 Lost Angel Road (Loan Code L-2).

        e)     20 Whistler Pine Way, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $391,647 liability to WF Hme Mrtg listed in the Schedule of Real Estate Owned Section of the loan application, or the debt of $391,647 to WF Hme Mrtg listed in the credit report. That liability and that debt actually correspond to the 8/25/2005 loan to John Gallegos for $400,000 from Wells Fargo Bank NA for the refinancing of 141 Lost Angel Road (Loan Code L-9).

        f)     575 Pennseylvaina [sic] St, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $262,774 liability to Select Portfolio Svc listed in the Schedule of Real Estate Owned Section of the loan application, or the debt of $262,774 to Select Portfolio Svc listed in the credit report. That liability and that debt actually correspond to the 3/21/2002 loan to John Gallegos for $278,000 from Aames Funding for the refinancing of 141 Lost Angel Road (Loan Code L-1).

g)      563 Pennseyvaina [sic] Ave, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $129,801 liability to Home Coming Funding listed in the Schedule of Real Estate Owned Section of the loan application, or the debt of $129,801 to Home Coming Funding listed in the credit report.  That liability and that debt actually correspond to the 7/11/01 loan to John Gallegos for $136,800 from Matrix Financial Services for the refinancing of 430 E. 6th Avenue (Loan Code 6th-4).

h)      561 Pennseyvania [sic] , an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $128,110 liability to Indymac Bank listed in the Schedule of Real Estate Owned Section of the loan application, or the debt of $128,110 to Indymac Bank listed in the credit report.  That liability and that debt actually correspond to the 6/25/2001 loan to John Gallegos for $136,800 from Peoples Choice Home Loan for the refinancing of 430 E. 6th Avenue (Loan Code 6th-3).

I)      561 Pennseyvania [sic] , an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral for the $131,020 liability to Ocwen Loan Servicing listed in the Schedule of Real Estate Owned Section of the loan application, or the debt of $131,020 to Ocwen Loan Servicing listed in the credit report.  That liability and that debt actually correspond to the 12/20/2001 loan to John Gallegos for $136,800 from Bridge Capital Corp  for the refinancing of 430 E. 6th Avenue (Loan Code 6th-6).

j)      1302 Sherman St, an address listed on the Schedule of Real Estate Owned Section of the loan application, is not the property which was pledged as collateral

for the $127,360 liability to Ocwen Loan Servicing listed in the Schedule of Real Estate Owned Section of the loan application, or the debt of $127,360 to Ocwen Loan Servicing listed in the credit report.  That liability and that debt actually correspond to the 11/30/2001 loan to John Gallegos for $136,800 from CBSK Financial dba American Home Loans  for the refinancing of 430 E. 6th Avenue (Loan Code 6th-5-A).

      k)     There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $607,435 liability listed in the Liabilities Section of the loan application, or the debt of $359,000 to Wshngtn Mutl listed in the credit report.  Part of that liability and that debt actually correspond to the 4/15/2005 loan to John Gallegos for $359,000 from Washington Mutual Bank (WAMU) for the refinancing of 7603 California Avenue SW (Loan Code Calif-3).

      l)     There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $607,435 liability listed in the Liabilities Section of the loan application, or the debt of $118,746 to Select Portfolio Svc listed in the credit report.  Part of that liability and that debt actually correspond to the 9/22/00 loan to John Gallegos for $124,720 from Stonecreek Funding for the refinancing of 430 E. 6th Avenue (Loan Code 6th-2).

      m)     There was no address listed on the Schedule of Real Estate Owned Section of the loan application for part of the $607,435 liability listed in the Liabilities Section of the loan application, or the debt of $222,902 to Home Coming Funding listed in the credit report.  Part of that liability and that debt actually correspond to the 6/25/2002 loan to John Gallegos for $229,800 from General Mortgage Corp of America  for the refinancing of 141 Lost Angel Road (Loan Code L-3).

n)      The 10/12/07 loan to John Gallegos for $465,500 from Countrywide Home Loans for the refinancing of 7603 California Avenue SW (Loan Code Calif-4) was outstanding as of 1/22/08, but was not listed on the loan application for Calif-5 as a liability or on the Schedule of Real Estate Owned.

## V. Examination of Defendants' Outstanding Mortgage Loans as of May 31, 2008 and the Schedule F-Creditors Holding Unsecured Nonpriority Claims as Filed in the Defendants' Bankruptcy Proceedings

Ms. Chamberlin reviewed the Schedule F-Creditors Holding Unsecured Nonpriority Claims which had been filed in Case Number 2:09-bk-15380-SSC by Waunita R. and Alois Craig Weingart on July 2, 2009 and Case Number 2:09-bk-16155-RJH by John P. Gallegos on July 13, 2009 in the United States Bankruptcy Court for the District of Arizona. She compared the information listed on those schedules, namely, the account number, creditor name, and/or the address listed as consideration for the claim, to her Summary of Loan Identification Numbers (Attachment 30). Based on those comparisons, her lay opinions are as follows:

1.      For Waunita R. And Alois Craig Weingart's Schedule F of Creditors Holding Unsecured Nonpriority Claims contained within the Voluntary Petition for Chapter 7 Bankruptcy filed 7/2/09:

a)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #8 relates to Loan Code S-6.

b)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #9 relates to Loan

Code S-15.

c)   The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #10 relates to Loan Code S-13.

d)   The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #14 relates to Loan Code S-26-A.

e)   The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #15 relates to Loan Code S-26-B.

f)   The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #16 relates to Loan Code L-14-A.

g)   The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #17 relates to Loan Code L-14-B.

h)   The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #25 relates to Loan Code S-21.

I)   The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #26 relates to Loan Code L-5.

j)   The entry for the account number, creditor name, and/or the address

listed as consideration for the claim for Creditor #27 relates to Loan Code S-11.

k)     The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #28 relates to Loan Code S-18.

l)     The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #29 relates to Loan Code S-15.

m)    The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #32 relates to Loan Code S-17.

n)     The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #33 relates to Loan Code L-6.

o)     The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #34 relates to Loan Code L-13.

p)     The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #34 relates to Loan Code L-12.

q)     The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #43 relates to Loan Code S-5.

r)   The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #44 relates to Loan Code S-8.

s)   The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #47 relates to Loan Code S-7.

t)   The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #48 relates to Loan Code S-24.

u)   The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #49 relates to Loan Code S-20.

v)   The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #50 relates to Loan Code S-3.

w)   The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #53 relates to Loan Code S-19.

x)   The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #57 relates to Loan Code S-23-A.

y)   The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #58 relates to Loan

Code S-23-B.

z) The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #64 relates to Loan Code S-25.

aa) The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #65 relates to Loan Code S-12.

bb) The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #66 relates to Loan Code L-7.

cc) The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #68 relates to Loan Code S-22.

dd) There was no entry for Loan Code S-16.

2. For John P. Gallegos' Schedule F of Creditors Holding Unsecured Nonpriority Claims contained within the Voluntary Petition for Chapter 7 Bankruptcy filed 7/13/09:

a) The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #3 relates to Loan Code L-4.

b) The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #4 relates to Loan Code L-15.

c)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #5 relates to Loan Code Calif-5.

d)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #6 relates to Loan Code Calif-6.

e)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #11 relates to Loan Code Calif-4.

f)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #13 relates to Loan Code 6th-1.

g)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #16 relates to Loan Code 6th-4.

h)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #17 relates to Loan Code L-3.

i)      The entry fo the account number, creditor name, and/or the address listed as consideration for the claim for r Creditor #18 relates to Loan Code 6th-3.

j)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #19 relates to Loan

Code 6th-6.

k)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #20 relates to Loan Code 6th-5-A.

l)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #21 relates to Loan Code L-2.

m)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #22 relates to Loan Code 6th-2.

n)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #23 relates to Loan Code L-1.

o)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #26 relates to Loan Code Calif-3.

p)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #27 relates to Loan Code L-9.

q)      The entry for the account number, creditor name, and/or the address listed as consideration for the claim for Creditor #28 relates to Loan Code L-11.

r)      The entry for the account number, creditor name, and/or the address

listed as consideration for the claim for Creditor #30 relates to Loan

Code 6th-5-B.

Respectfully submitted this 2nd day of August, 2012.

JOHN F. WALSH
United States Attorney

By:_____
Linda Kaufman
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail: Linda.Kaufman@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of August, 2012, I hand-delivered a copy of the foregoing **GOVERNMENT'S DISCLOSURE RELATING TO THE ANTICIPATED TESTIMONY OF DANA CHAMBERLIN** to the following:

Martin Adam Stuart
E-mail: martinstuartlaw@solucian.com

William Lewis Taylor
E-mail: wltaylorpc@gmail.com

Paula M. Ray
E-mail: paulamray@earthlnk.net


By: _____
Linda Kaufman
Assistant United States Attorney

**8/2/12**