**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 11-cr-355-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. WAUNITA WEINGART
**2. JOHN PHILLIP GALLEGOS**
3. ALOIS CRAIG WEINGART,

      Defendants

_____

**DEFENDANT JOHN GALLEGOS' OBJECTIONS TO PRESENCE INVESTIGATION
REPORT**
_____

      Pursuant to Fed. R. Crim. P. 32(f), John Gallegos through counsel hereby files this

Objection to the Presentence Investigation Report ("PSIR").  [Doc. 244]

**CORRECTIONS**

      1.      In the section entitled "Physical Condition" Mr. Gallegos is described in pertinent

part as "a white, non-Hispanic male."  [PSIR, p. 10, para. 54].  In fact, Mr. Gallegos is a

Hispanic male also of American Indian descent.

**OBJECTIONS**

**I.      The factual basis as set forth in the PSIR does not reflect the factual basis
accepted by this Court as satisfactory at the providency hearing.**

      The factual basis as set forth in the PSIR recites the Statement of Facts as written in the

Plea Agreement [Doc. 215, pp. 4-11]; per this Court's Order Probation did not conduct an

1

independent investigation.  [Doc. 217].  However, a review of the transcript from the Change of

Plea hearing (attached hereto as Exhibit A) provides that the Court did not find this factual

basis satisfactory to sustain the plea.

Specifically, at the conclusion of the government's recitation of the factual basis as

included in the written plea agreement and a presentation of case law in support of said factual

basis, the following discussion ensued:

[The Court]:  I'm not satisfied.

The—the case law that you just cited does, indeed, stand for the proposition that you
can make a statement as to fact by a written or a verbal or a conduct type of statement.
I'm not satisfied that there is a statement here that the defendant knew was false that
was made as to repayment, because I don't believe that is a fact.  It's a statement as to
future intent.

But I suspect that there is a statement at the end of the loan application which reflects
that the defendant represented to the bank that he read the entirety of the loan
application and it was truthful and accurate information contained in it.  Is there such a
statement at the end of the application?

[Mr. Taylor]:  Yes, Your Honor, there is.

[Ms. Kaufman]:  Yes, Your Honor.

[The Court]:  And is it the position of the defendant that notwithstanding the statement
that—at the end of the application, that he had read all of the information in the
application and that it was true and accurate, that it is his position and statement today
that he had not read all of the information in the application and he had no idea whether
it was truthful and accurate?

[Mr. Taylor]:  That's correct, Your Honor.

[The Court]:  Thank you.  I find that that is a false statement.

[Mr. Taylor]:  Very well.

2

[The Court]:  Sufficient to support the element of a false statement.

Let me make sure, Mr. Gallegos, you understand what your attorney just said.  Do you admit that you did not read this application, you did not know whether the information was truthful and accurate, even though you signed an application saying that you had?

[The Defendant]:  That's correct, Your Honor.

*[Please see attached Exhibit A:  Transcript of Change of Plea Hearing, pp. 24-26].*

As the Court rejected the factual basis as presented in the Plea Agreement and as repeated in the PSIR and found it unsatisfactory, Mr. Gallegos respectfully objects to any reliance on said factual basis.  In its stead, Mr. Gallegos requests that the above transcript excerpt, which accurately reflects the factual basis upon which this Court accepted Mr. Gallegos' plea, be included in the PSIR as the offense conduct.

## II.     The restitution request submitted by Fidelity is almost wholly inapplicable to the one-count information to which Mr. Gallegos pleaded guilty.

In response to Probation's victim notification letters, Fidelity National Title Group submitted a Declaration of Victim Losses in the amount of $2, 653,740.49.  [PSIR, p. 24 (Ex. B)].  However, only $17,833.32 of these losses are applicable to the one-count information to which Mr. Gallegos entered his guilty plea.

Fidelity National Title Group provided the title insurance commitment for the April 11, 2005, loan.  [Bates No. 29116-29119, 29154-29166].  The April 11, 2005, loan had priority, so when the property was sold at foreclosure, the bank on this loan as well as Fidelity was able to recover the amount recovered at said foreclosure sale.  The difference between the amount of the loan and the amount for which the property sold was (-)$17,833.32.

For both the October 10, 2007, and January 23, 2008, loans and the line of credit related to the January 2008 loan, the entity identified as having provided title insurance is "Real Estate Title Agent for Land America-TICA."  [Bates Nos. 31508-31510, 31312; 26357, 26373].

As such, Fidelity's request for victim losses as currently presented must be denied.  The amount of restitution owed to Fidelity relating to the property at issue in the one-count information to which Mr. Gallegos entered a guilty plea is $17,833.32.  The remainder of the restitution request relates to the allegations contained in the original indictment that the Government dismissed in its entirety as to Mr. Gallegos and, thus, must not be ordered.

Mr. Gallegos reserves the right to object to future requests for restitution if, as here, they are inapplicable to the restitution agreed to for the one-count information to which Mr. Gallegos pled.

Respectfully submitted this 15th day of April, 2013.


/s/ William L. Taylor
William L. Taylor, #21098

/s/ Darlene A. Bagley
Darlene A. Bagley, #35728

RIDLEY, MCGREEVY & WINOCUR
P.C.
303 16th Street, Suite 200
Denver, CO  80202
Telephone:  (303) 629-9700
Fax:  (303) 629-9702
E-Mail:  wltaylorpc@gmail.com;
taylor@ridleylaw.com;
bagley@ridleylaw.com
Attorneys for John Phillip Gallegos

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2013, I served a true and correct copy of the foregoing **DEFENDANT JOHN GALLEGOS' OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT** via CM/ECF to all parties listed therein including:

Linda Kaufman
Assistant United States Attorney
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:  (303) 454-0100
FAX:  (303) 454-0401
E-mail:  Linda.Kaufman@usdoj.gov
Attorney for Government

Martha Paluch
Assistant United States Attorney
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:  (303) 454-0100
FAX:  (303) 454-0401
E-mail:  martha.paluch@usdoj.gov
Attorney for Government

Paula M. Ray
Paula M. Ray, P.C.
P.O. Box 12554
Denver, CO 80212-0554
Telephone: 303-874-5170
E-mail: paulamray@earthlink.net
Attorney for Craig Weingart

Martin Stuart
PortmanStuart, LLC
955 Bannock Street, suite 200
Denver, CO 80204
Phone:  303-355-6789
Fax:  303-623-0714
E-mail:  mstuart@portmanstuart.com
Attorney for Waunita Weingart


/s/ Heather K. Cratty
Heather K. Cratty