| A. SETTLEMENT STATEMENT | U.S. Department of Housing and Urban Development | | |
|---|---|---|---|
| | | | OMB No. 2502-0265 |

**B. Type of Loan**

| 1. __ FHA  2. __ FmHA  3. X Conv. Unins.  4. __ VA  5. __ Conv. Ins. | 6. File Number: 00-0070 | 7. Loan Number: 998137040 | 8. Mortgage Insurance Case No.: |
|---|---|---|---|

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked (P.O.C.) were paid outside the closing; they are shown here for information purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| JOHN GALLEGOS<br><br>430 E. 6TH AVENUE<br>DENVER, COLORADO  80203 | GARY L. MORTON<br>DOROTHY E. MORTON<br><br>430 E. 6TH AVENUE<br>DENVER, COLORADO  80203 | G-4 HOLDING COMPANY<br>725 S. BROADWAY STREET SUITE 19<br>DENVER, COLORADO  80209 |

| G. Property Location | H. Settlement Agent: PARADIGM ESCROW & TITLE | |
|---|---|---|
| 430 E. 6TH AVENUE<br>DENVER, COLORADO  80203 | Place of Settlement:<br>725 S. BROADWAY SUITE 19<br>DENVER, COLORADO  80209 | I. Settlement Date: 09/22/00 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---:|---|---:|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | 155,900.00 | 401. Contract sales price | 155,900.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 3,405.96 | 403. | |
| 104. WASTEWATER PAID THRU | 8.50 | 404. WASTEWATER PAID THRU | 8.50 |
| 105. | | 405. | |
| *Adjustments for items paid by seller in advance* | | *Adjustments for items paid by seller in advance* | |
| 106. City/town taxes         to | | 406. City/town taxes         to | |
| 107. County taxes            to | | 407. County taxes            to | |
| 108. Assessments             to | | 408. Assessments             to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 159,314.46 | **420. GROSS AMOUNT DUE TO SELLER** | 155,908.50 |
| **200. Amounts Paid By or In Behalf of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 124,720.00 | 502. Settlement charges to seller (line 1400) | 469.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. TAX ESCROW | 1,000.00 |
| 207. | | 507. R.F. EDDY CONSTRUCTION | 27,000.00 |
| 208. | | 508. REPAIRS | 3,118.00 |
| 209. | | 509. 1031 EXCHANGE PROCEEDS | 121,639.70 |
| *Adjustments for items unpaid by seller* | | *Adjustments for items unpaid by seller* | |
| 210. City/town taxes         to | | 510. City/town taxes         to | |
| 211. County taxes            to | | 511. County taxes            to | |
| 212. Assessments             to | | 512. Assessments             to | |
| 213. | | 513. 1999 TAXES | 2,681.80 |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 124,720.00 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 155,908.50 |
| **300. Cash At Settlement From or To Borrower** | | **600. Cash At Settlement To or From Seller** | |
| 301. Gross amount due from borrower (line 120) | 159,314.46 | 601. Gross amount due to seller (line 420) | 155,908.50 |
| 302. Less amounts paid by/for borrower (line 220) | 124,720.00 | 602. Less reduction amount due seller (line 520) | 155,908.50 |
| 303. CASH     FROM     BORROWER | 34,594.46 | 603. CASH     TO     SELLER | 0.00 |

RESPA, HB 4305.2 -- REV. HUD-1 (3/86)

**ATTACHMENT 4**

00025351

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
## SETTLEMENT STATEMENT
PAGE 2

| L. SETTLEMENT CHARGES: | FILE NO. #: 00-0070 | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $ | @ | | | |
| Division of commission (line 700) as follows: | | | | |
| 701. $ | to | | | |
| 702. $ | to | | | |
| 703. Commission paid at Settlement | | | | |
| 704. | | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | | |
| 801. Loan Origination Fee   % | G-4 HOLDING CO. | | 1,247.00 | |
| 802. Loan Discount   % | | | | |
| 803. Appraisal Fee   to | A & M APPRAISAL | | 375.00 | |
| 804. Credit Report   to | FACTUAL DATA | 35.00 B | | |
| 805. Lender's Inspection Fee   to | | | | |
| 806. Mtg. Ins. Application Fee   to | | | | |
| 807. Assumption Fee   to | | | | |
| 808. UNDERWRITING FEE | FLAGSTAR BANK | | 295.00 | |
| 809. REALTY TAX SERVICE FEE | FLAGSTAR BANK | | 80.00 | |
| 810. FLOOD CERTIFICATE | FLAGSTAR BANK | | 20.00 | |
| 811. WIRE TRANSFER FEE | FLAGSTAR BANK | | 15.00 | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | | |
| 901. Interest from 09/22/00 to 10/01/00 @ $ 33.74 /day 9 Days | | | 303.66 | |
| 902. Mortgage Insurance Premium for   to | | | | |
| 903. Hazard Insurance Premium for 1YRs to SENTRY INSURANCE | | | 545.00 | |
| 904. | | | | |
| 905. | | | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | | | |
| 1001. Hazard Insurance   2 mo.@$ 45.41 /mo. | | | 90.82 | |
| 1002. Mortgage Insurance   mo.@$   /mo. | | | | |
| 1003. City property taxes   mo.@$   /mo. | | | | |
| 1004. County property taxes   6 mo.@$ 56.92 /mo. | | | 341.52 | |
| 1005. Annual Assessments   mo.@$   /mo. | | | | |
| 1006.   mo.@$   /mo. | | | | |
| 1007.   mo.@$   /mo. | | | | |
| 1008. AGGREGATE ADJUSTMENT | | | -227.63 | |
| **1100. TITLE CHARGES** | | | | |
| 1101. Settlement or closing fee   to | PARADIGM ESCROW & TITLE | | 75.00 | 75.00 |
| 1102. Abstract or title search   to | | | | |
| 1103. Title examination   to | | | | |
| 1104. Title insurance binder   to | | | | |
| 1105. Document preparation   to | | | | |
| 1106. Notary fees   to | | | | |
| 1107. Attorney's fees   to | | | | |
| (includes above items No: | ) | | | |
| 1108. Title insurance   to | PARADIGM ESCROW & TITLE | | 100.00 | 394.00 |
| (includes above items No: FORM 100 & FORM 8 | ) | | | |
| 1109. Lender's coverage $ 124,720.00 ---- 100.00 | | | | |
| 1110. Owner's coverage $ 155,900.00 ---- 394.00 | | | | |
| 1111. FORM 100 & FORM 8 | PARADIGM ESCROW & TITLE | | 60.00 | |
| 1112. | | | | |
| 1113. | | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | |
| 1201. Recording fees   Deed $ 5.00 ; Mortgage $ 65.00 ; Releases $ | | | 70.00 | |
| 1202. City/county/stamps   Deed $ ; Mortgage $ | | | | |
| 1203. State tax/stamps   Deed $ 15.59 ; Mortgage $ | | | 15.59 | |
| 1204. | | | | |
| 1205. | | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | |
| 1301. Survey   to | | | | |
| 1302. Pest inspection   to | | | | |
| 1303. | | | | |
| 1304. | | | | |
| 1305. | | | | |
| 1400. TOTAL SETTLEMENT CHARGES (enter on lines 103 and 502, Sections J and K) | | | 3,405.96 | 469.00 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

JOHN GALLEGOS   Buyer/Borrower      GARY/D MORTON   Seller   9/22/00
                Buyer/Borrower      DOROTHY E. MORTON   Seller   9/22/00

PARADIGM ESCROW & TITLE
Settlement Agent                                                   Date

RESPA, HB 4305.2 -- REV. HUD-1 (3/86)

2

00025352

# HUD - 1 SETTLEMENT STATEMENT
## ADDENDUM

I HAVE CAREFULLY REVIEWED THE HUD-1 SETTLEMENT STATEMENT AND TO THE BEST OF MY KNOWLEDGE AND BELIEF, IT IS A TRUE AND ACCURATE STATEMENT OF ALL RECEIPTS AND DISBURSEMENTS MADE ON MY ACCOUNT OR BY ME IN THIS TRANSACTION. I FURTHER CERTIFY THAT I HAVE RECEIVED A COPY OF THE HUD-1 SETTLEMENT STATEMENT.

_____  9/22/00
JOHN GALLEGOS

_____  9/22/00
SELLER

_____  9/22/00
SELLER

THE HUD-1 SETTLEMENT STATEMENT WHICH I HAVE PREPARED IS A TRUE AND ACCURATE ACCOUNT OF THIS TRANSACTION. I HAVE CAUSED OR WILL CAUSE THE FUNDS TO BE DISBURSED IN ACCORDANCE WITH THIS STATEMENT.

BY _____   9/22/00
SETTLEMENT AGENT              DATE

**WARNING:** IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY OTHER SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND/OR IMPRISONMENT. FOR DETAILS SEE: TITLE 18 U.S. CODE SECTION 1001 AND SECTION 1010.

3

00025353

Certified to be a true and correct copy of the original
by: _____

WHEN RECORDED MAIL TO:
STONECREEK FUNDING CORPORATION
36 STEELE ST. #210
DENVER, COLORADO 80206

Loan No. 19522-1451

_____ [Space Above This Line For Recording Data] _____

# DEED OF TRUST

THIS DEED OF TRUST ("Security Instrument") is made on SEPTEMBER 22, 2000, among the grantor, JOHN GALLEGOS

("Borrower"), the Public Trustee of
DENVER                                                                                 County ("Trustee"), and the beneficiary,
STONECREEK FUNDING CORPORATION, A COLORADO CORPORATION
which is organized and existing under the laws of COLORADO       , and whose address is
36 STEELE ST. #210, DENVER, COLORADO 80206
("Lender").
Borrower owes Lender the principal sum of ONE HUNDRED TWENTY FOUR THOUSAND SEVEN
HUNDRED TWENTY AND 00/100**********                                                        Dollars
(U.S. $124,720.00      ). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on OCTOBER 1, 2030       . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower, in consideration of the debt and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in
                                        DENVER                                         County, Colorado:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS
EXHIBIT "A".

143646  879050643   8790506433  40811857 Mortgage

which has the address of 430 E. 6TH AVENUE, DENVER
                                      [Street]                              [City]
Colorado       80203       ("Property Address");
             [Zip Code]

COLORADO-Single Family-FNMA/FHLMC UNIFORM INSTRUMENT                           Form 3006 1/91
Document Systems, Inc. (800) 649-1362
                              Page 1 of 7

                              Exhibit A
C01.DOT                                                    

22. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall request that Trustee release this Security Instrument and shall produce for Trustee, duly cancelled, all notes evidencing debts secured by this Security Instrument. Trustee shall release this Security Instrument without further inquiry or liability. Borrower shall pay any recordation costs and the statutory Trustee's fees.

23. **Waiver of Homestead.** Borrower waives all right of homestead exemption in the Property.

24. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)]

| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] 1-4 Family Rider |
|---|---|---|
| [ ] Graduated Payment Rider | [ ] Planned Unit Development Rider | [ ] Biweekly Payment Rider |
| [ ] Balloon Rider | [ ] Rate Improvement Rider | [ ] Second Home Rider |
| [X] Other(s) [specify] Prepayment Rider | | |

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 7 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)
JOHN GALLEGOS                -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

Witness:                     Witness:

_____ _____

STATE OF COLORADO,   DENVER                           County ss:

The foregoing instrument was acknowledged before me this 22nd day of September,
by JOHN GALLEGOS.

Witness my hand and official seal.

[NOTARY PUBLIC STATE OF COLORADO — WENGART seal]

My Commission Expires 6/17/2001

                                                    _____
                                                    Notary Public

                                            My Commission expires:

COLORADO-Single Family-FNMA/FHLMC UNIFORM INSTRUMENT                    Form 3006 1/91
Document Systems, Inc. (800) 649-1362            Page 7 of 7

5

C07.DOT

After Recording Return To:
PEOPLE'S CHOICE HOME LOAN, INC.
7525 IRVINE CENTER DRIVE,
SUITE 250
IRVINE, CALIFORNIA 92618
Loan Number: 10009867


Certified to be a true and correct copy of the original
by: _____

[Space Above This Line For Recording Data]

# DEED OF TRUST

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated JUNE 25, 2001, together with all Riders to this document.
(B) "Borrower" is JOHN GALLEGOS, A SINGLE MAN

Borrower is the trustor under this Security Instrument.
(C) "Lender" is PEOPLE'S CHOICE HOME LOAN, INC.

Lender is a CORPORATION organized
and existing under the laws of WYOMING
Lender's address is 7525 IRVINE CENTER DRIVE, SUITE 250, IRVINE, CALIFORNIA 92618
Lender is the beneficiary under this Security Instrument.
(D) "Trustee" is the Public Trustee of DENVER County, Colorado.
(E) "Note" means the promissory note signed by Borrower and dated JUNE 25, 2001.
The Note states that Borrower owes Lender ONE HUNDRED THIRTY SIX THOUSAND EIGHT HUNDRED AND 00/100 Dollars (U.S. $ 136,800.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than JULY 1, 2031.
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

[X] Adjustable Rate Rider    [ ] Condominium Rider         [ ] Second Home Rider
[ ] Balloon Rider            [ ] Planned Unit Development Rider   [X] Other(s) [specify]
[ ] 1-4 Family Rider         [ ] Biweekly Payment Rider    Prepayment Rider to Sec/Int.

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

COLORADO–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                 Form 3006 1/01
Document Systems, Inc. (800) 649-1362                    Page 1 of 9

6

(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, 'RESPA' refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower, in consideration of the debt and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

COUNTY                                of           DENVER
[Type of Recording Jurisdiction]                   [Name of Recording Jurisdiction]

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N. #: 680411307023

which currently has the address of 430 EAST 6TH AVENUE
                                                              [Street]
DENVER                              , Colorado     80203      ("Property Address"):
[City]                                             [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record and liens for taxes for the current year not yet due and payable.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan

COLORADO--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3006 1/01
Document Systems, Inc. (800) 649-1362                Page 2 of 9

7                                                                                      98

00032207

right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Lender shall mail a copy of the notice to Borrower as provided in Section 15. Trustee shall record a copy of the notice in the county in which the Property is located. Trustee shall publish a notice of sale for the time and in the manner provided by Applicable Law and shall mail copies of the notice of sale in the manner prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's certificate describing the Property and the time the purchaser will be entitled to Trustee's deed. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall request that Trustee release this Security Instrument and shall produce for Trustee, duly cancelled, all notes evidencing debts secured by this Security Instrument. Trustee shall release this Security Instrument without further inquiry or liability. Borrower shall pay any recordation costs and the statutory Trustee's fees.

24. **Waiver of Homestead.** Borrower waives all right of homestead exemption in the Property.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_John Hallegos_ (Seal)
JOHN GALLEGOS  -Borrower

_____ (Seal) -Borrower

_____ (Seal) -Borrower

_____ (Seal) -Borrower

_____ (Seal) -Borrower

_____ (Seal) -Borrower

Witness:                          Witness:

State of Colorado
County of DENVER

The foregoing instrument was acknowledged before me this 25th DAY of JUNE, 2001 by JOHN GALLEGOS

[Notary Seal: NOTARY PUBLIC STATE OF COLORADO]
My Commission Expires 6/11/2005

_Lan Hayat_
Signature of Person Taking Acknowledgement

Title _____

Serial Number, if any _____

(Seal)                My commission expires: 6/11/2005

COLORADO--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3006 1/01
Document Systems, Inc. (800) 649-1362                Page 9 of 9

8

## A. SETTLEMENT STATEMENT

**U.S. Department of Housing and Urban Development**

OMB No. 2502-0265

| B. Type of Loan | | | |
|---|---|---|---|
| 1. __ FHA  2. __ FmHA  3. X Conv. Unins.<br>4. __ VA  5. __ Conv. Ins. | 6. File Number<br>01-0027 | 7. Loan Number<br>2029537 | 8. Mortgage Insurance Case No. # |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked (P.O.C.) were paid outside the closing; they are shown here for information purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| JOHN GALLEGOS<br><br>430 E. 6TH AVENUE<br>DENVER, COLORADO  80203 | 430 E. 6TH AVENUE<br>DENVER, COLORADO  80203 | G-4 HOLDING COMPANY<br>725 S. BROADWAY STREET SUITE 19<br>DENVER, COLORADO  80209 |

| G. Property Location | H. Settlement Agent | I. Settlement Date |
|---|---|---|
| 430 E. 6TH AVENUE<br>DENVER, COLORADO  80203 | COLORADO COUNTY & COMMUNITY<br><br>Place of Settlement<br>725 S. BROADWAY STREET SUITE 19<br>DENVER, COLORADO  80209 | 07/11/01 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 2,228.80 | 403. | |
| 104. | | 404. | |
| 105. PAYOFF TO EQUICREDIT | 127,508.85 | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes           to | | 406. City/town taxes           to | |
| 107. County taxes              to | | 407. County taxes              to | |
| 108. Assessments               to | | 408. Assessments               to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 129,737.65 | 420. GROSS AMOUNT DUE TO SELLER | |
| 200. Amounts Paid By or In Behalf of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. Deposit or earnest money | | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 136,800.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes           to | | 510. City/town taxes           to | |
| 211. County taxes              to | | 511. County taxes              to | |
| 212. Assessments               to | | 512. Assessments               to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 136,800.00 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | |
| 300. Cash At Settlement From or To Borrower | | 600. Cash At Settlement To or From Seller | |
| 301. Gross amount due from borrower (line 120) | 129,737.65 | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | 136,800.00 | 602. Less reduction amount due seller (line 520) | |
| 303. CASH    TO    BORROWER | 7,062.35 | 603. CASH         SELLER | |

9

RESPA, HB 4305.2 -- REV. HUD-1 (3/86)

00030290

## U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
### SETTLEMENT STATEMENT
### PAGE 2

| L. SETTLEMENT CHARGES: | | FILE NO.#: 01-0027 | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $ | | @ | - | | |
| Division of commission (line 700) as follows: | | | | | |
| 701. $ | to | | | | |
| 702. $ | to | | | | |
| 703. Commission paid at Settlement | | | | | |
| 704. | | | | | |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | | | | |
| 801. Loan Origination Fee | % | | | | |
| 802. Loan Discount | % | MATRIX | | 342.00 | |
| 803. Appraisal Fee | to | G-4 HOLDING COMPANY | 350.00B | | |
| 804. Credit Report | to | G-4 HOLDING COMPANY | 25.00B | | |
| 805. Lender's Inspection Fee | to | | | | |
| 806. Mtg. Ins. Application Fee | to | | | | |
| 807. Assumption Fee | to | | | | |
| 808. ADMINISTATIVE FEE | | MATRIX | | 430.00 | |
| 809. TAX SERVICE FEE | | MATRIX | | 64.00 | |
| 810. FLOOD CERTIFICATE FEE | | MATRIX | | 18.00 | |
| 811. YSP PAID BY MATRIX TO | | G-4 HOLDING COMPANY | 1368.00B* | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | | | |
| 901. Interest from 07/16/01 to 08/01/01 @ $ 34.675 /day | | | 16 Days | 554.80 | |
| 902. Mortgage Insurance Premium for | | to | | | |
| 903. Hazard Insurance Premium for | | yrs to | | | |
| 904. | | | | | |
| 905. | | | | | |
| 1000. RESERVES DEPOSITED WITH LENDER FOR | | | | | |
| 1001. Hazard Insurance | | mo.@$ | /mo. | | |
| 1002. Mortgage Insurance | | mo.@$ | /mo. | | |
| 1003. City property taxes | | mo.@$ | /mo. | | |
| 1004. County property taxes | | mo.@$ | /mo. | | |
| 1005. Annual Assessments | | mo.@$ | /mo. | | |
| 1006. | | mo.@$ | /mo. | | |
| 1007. | | mo.@$ | /mo. | | |
| 1008. | | mo.@$ | /mo. | | |
| 1100. TITLE CHARGES | | | | | |
| 1101. Settlement or closing fee | to | TCS | | 150.00 | |
| 1102. Abstract or title search | to | | | | |
| 1103. Title examination | to | | | | |
| 1104. Title insurance binder | to | | | | |
| 1105. Document preparation | to | | | | |
| 1106. Notary fees | to | | | | |
| 1107. Attorney's fees | to | | | | |
| (Includes above items No: | | ) | | | |
| 1108. Title Insurance | to | COLORADO COUNTY & COMMUNITY TITLE | | 420.00 | |
| (Includes above items No: FORM 100 & FORM 8 | | ) | | | |
| 1109. Lender's coverage $ | | 136,800.00 ---- 420.00 | | | |
| 1110. Owner's coverage $ | | | | | |
| 1111. FORM 100; 140.1; 165 | | COLORADO COUNTY & COMMUNITY TITLE | | 95.00 | |
| 1112. COURIER/WIRE FEE | | TCS | | 35.00 | |
| 1113. TAX CERTIFICATE | | TCS | | 25.00 | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | | | | |
| 1201. Recording fees | Deed $ | ; Mortgage $ 80.00 ; Releases $ 15.00 | | 95.00 | |
| 1202. City/county/stamps | Deed $ | ; Mortgage $ | | | |
| 1203. State tax/stamps | Deed $ | ; Mortgage $ | | | |
| 1204. | | | | | |
| 1205. | | | | | |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | | | | |
| 1301. Survey | to | | | | |
| 1302. Pest Inspection | to | | | | |
| 1303. | | | | | |
| 1304. | | | | | |
| 1305. | | | | | |
| 1400. TOTAL SETTLEMENT CHARGES (enter on lines 103 and 502, Sections J and K) | | | | 2,228.80 | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_signature_ JOHN _____  Buyer/Borrower  _____ Seller

_signature_ John R. _____ Buyer/Borrower _____ Seller

COLORADO COUNTY & COMMUNITY
Settlement Agent

10

RESPA, HB 4305.2 -- REV. HUD-1 (3/86)

00030291

Loan #: 029537
Date: July 11, 2001

## HUD-1 CERTIFICATION

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

X _____[signature]_____ 7/11/01                SELLER _____
BORROWER

BORROWER _____                       SELLER _____

To the best of my knowledge the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction. In addition, I certify that Matrix Financial Services Corporation holds a first and valid lien on the subject property.

_____[signature]_____                          7/11/01
Attorney/Settlement Agent                      Date

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

C1016.uff 7/99

11

Certified to be a true and correct copy of the original
by: [signature]

WHEN RECORDED MAIL TO
CBSK FINANCIAL GROUP, INC., DBA AMERICAN HOME LOANS
6 HUTTON CENTRE DRIVE, 7TH FLOOR
SANTA ANA, CA 92707

NOTICE: THIS LOAN CONTAINS PROVISIONS THAT ALLOW FOR A BALLOON PAYMENT AT MATURITY.

**DEED OF TRUST**

LOAN NO.: 9713659

THIS DEED OF TRUST is made this 30th day of NOVEMBER, 2001 among the Grantor,
JOHN GALLEGOS, A SINGLE MAN

(herein "Borrower"), the Public Trustee of
DENVER County (herein "Trustee"),

and the Beneficiary, CBSK FINANCIAL GROUP, INC., DBA AMERICAN HOME LOANS, A CALIFORNIA CORPORATION
, a corporation organized and existing under the laws of CALIFORNIA , whose address is
6 HUTTON CENTRE DRIVE, 7TH FLOOR, SANTA ANA, CA 92707

(herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of DENVER , State of Colorado:
SEE COMPLETE LEGAL DESCRIPTION DESCRIBED IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

ASSESSOR'S IDENTIFICATION NUMBER: 05113-07-059-000
SEE "BALLOON RIDER" ATTACHED HERETO AND MADE A PART HEREOF.

which has the address of 430 E. 6TH AVENUE              DENVER
                                    [Street]                  [City]
Colorado       80203      (herein "Property Address");
              [Zip Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property";

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated NOVEMBER 30, 2001  and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $ 34,200.00 , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on DECEMBER 05, 2016 ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.
2. Funds for Taxes and Insurance. Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments

COLORADO - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT                Initials: [JG]
VMP-76(CO) (9707)                                                                  Form 3806
                       Page 1 of 4              LENDER SUPPORT SYSTEMS INC. FNMA3806.2ND (08/98)

12

00025708

this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees and Trustee's expenses and withdrawal fee; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to release this Deed of Trust and shall produce for Trustee duly cancelled all notes evidencing indebtedness secured by this Deed of Trust. Trustee shall release this Deed of Trust without further inquiry or liability. Borrower shall pay all costs of recordation, if any, and shall pay the statutory Trustee's fees.

21. **Waiver of Homestead.** Borrower hereby waives all right of homestead exemption in the Property.

REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

JOHN GALLEGOS (Seal) -Borrower

STATE OF COLORADO, Denver County ss:

The foregoing instrument was acknowledged before me this 30th day of November, 2001, by John Gallegos.

Witness my hand and official seal.

My Commission Expires:

Notary Public

(Space Below This Line Reserved For Lender and Recorder)

My Commission Expires 01/18/2004

Page 4 of 4

13

Form 3806

00025686

Return To:

CBSK FINANCIAL GROUP, INC., DBA AMERICAN HOME LOANS
6 HUTTON CENTRE DRIVE, 7TH FLOOR
SANTA ANA, CA 92707

Certified to be a true and correct copy of the original
by: _John Eastland_

Prepared By:

LYNN PHAM
6 HUTTON CENTRE DR., #700
SANTA ANA, CA 92707
714-460-4000

——————— [Space Above This Line For Recording Data] ———————

LOAN NO.: 9713657

# DEED OF TRUST

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated NOVEMBER 30, 2001 together with all Riders to this document.
(B) "Borrower" is

JOHN GALLEGOS, A SINGLE MAN

Borrower is the trustor under this Security Instrument.
(C) "Lender" is
CBSK FINANCIAL GROUP, INC., DBA AMERICAN HOME LOANS, A CALIFORNIA CORPORATION

Lender is a CORPORATION
organized and existing under the laws of CALIFORNIA

COLORADO-Single Family-FNMA/FHLMC UNIFORM INSTRUMENT
VMP-6(CO) (0005)            Page 1 of 15
Initials: JG
Form 3006 1/01
LENDER SUPPORT SYSTEMS INC. 60CO NEW (12/00)

14

00025688

Lender's address is
6 HUTTON CENTRE DRIVE, 7TH FLOOR, SANTA ANA, CA 92707
Lender is the beneficiary under this Security Instrument.
(D) "Trustee" is the Public Trustee of THE PUBLIC TRUSTEE OF DENVER COUNTY   County, Colorado.
(E) "Note" means the promissory note signed by Borrower and dated   NOVEMBER 30, 2001
The Note states that Borrower owes Lender
ONE HUNDRED THIRTY SIX THOUSAND EIGHT HUNDRED AND NO/100 X X X X X X X X X X X X X X X X   Dollars
(U.S. $ 136,800.00     ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than DECEMBER 01, 2031.
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

[XX] Adjustable Rate Rider    [ ] Condominium Rider              [ ] 1-4 Family Rider
[ ] Graduated Payment Rider   [ ] Planned Unit Development Rider [ ] Biweekly Payment Rider
[ ] Balloon Rider             [ ] Rate Improvement Rider         [ ] Second Home Rider
[ ] Other(s) [specify]

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments, and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to

time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower, in consideration of the debt and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the    COUNTY    [Type of Recording Jurisdiction]
of    DENVER    [Name of Recording Jurisdiction]:

SEE COMPLETE LEGAL DESCRIPTION DESCRIBED IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number: 05113-07-059-000    which currently has the address of
430 E. 6TH AVENUE    [Street]
DENVER    [City], Colorado  80203-    [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record and liens for taxes for the current year not yet due and payable.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

VMP-6(CO) (0005)    Page 3 of 15    Initials: [handwritten]    Form 3006  1/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____ -Witness

_____ -Witness

*John Gallegos* _____(Seal)
JOHN GALLEGOS                 -Borrower

_____(Seal)
                              -Borrower

_____(Seal)
                              -Borrower

_____(Seal)
                              -Borrower

_____(Seal)
                              -Borrower

_____(Seal)
                              -Borrower

_____(Seal)
                              -Borrower

VMP-6(CO) (0005)         Page 14 of 15         Form 3006  1/01

17

00025701

STATE OF COLORADO, Denver County ss:

The foregoing instrument was acknowledged before me this 30th day of November, 2001 by JOHN GALLEGOS

Witness my hand and official seal.

My Commission Expires:

*[Notary seal: JOHN R. EISENHAUER, NOTARY PUBLIC, STATE OF COLORADO]*

My Commission Expires 01/18/2004

Notary Public: *John Eisenhauer*

VMP-6(CO) (0005)    Page 15 of 15    Form 3006 1/01

18

00025702



## A. SETTLEMENT STATEMENT — U.S. Department of Housing and Urban Development

OMB No. 2502-0265

**B. Type of Loan**

| 1. __ FHA | 2. __ FmHA | 3. X Conv. Unins. | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|---|---|---|
| 4. __ VA | 5. __ Conv. Ins. | | 01-0045A | BCC-01-CCC2016 | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked (P.O.C.) were paid outside the closing; they are shown here for information purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| JOHN GALLEGOS<br>430 E. 6TH AVENUE<br>DENVER, COLORADO 80203 | | BRIDGE CAPITAL CORPORATION<br>25391 COMMERCENTRE DRIVE SUITE 100<br>LAKE FOREST, CALIFORNIA 92630 |

| G. Property Location | H. Settlement Agent: COLORADO COUNTY & COMMUNITY TITLE | |
|---|---|---|
| 430 E. 6TH AVENUE<br>DENVER, COLORADO 80203 | Place of Settlement<br>725 S. BROADWAY STREET SUITE 19<br>DENVER, COLORADO 80209 | I. Settlement Date<br>12/20/01<br>DD: 12/31/01 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 3,190.44 | 403. | |
| 104. PAYOFF TO EQUICREDIT | 130,100.38 | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes   to | | 406. City/town taxes   to | |
| 107. County taxes   to | | 407. County taxes   to | |
| 108. Assessments   to | | 408. Assessments   to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 133,290.82 | 420. GROSS AMOUNT DUE TO SELLER | |
| 200. Amounts Paid By or In Behalf of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. Deposit or earnest money | | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 136,800.00 | 502. Settlement charges to seller (line 1400) | 0.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/town taxes   to | | 510. City/town taxes   to | |
| 211. County taxes   to | | 511. County taxes   to | |
| 212. Assessments   to | | 512. Assessments   to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 136,800.00 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | |
| 300. Cash At Settlement From or To Borrower | | 600. Cash At Settlement To or From Seller | |
| 301. Gross amount due from borrower (line 120) | 133,290.82 | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | 136,800.00 | 602. Less reduction amount due seller (line 520) | |
| 303. CASH   TO   BORROWER | 3,509.18 | 603. CASH   TO   SELLER | 0.00 |

IN THE EVENT A RE-PRORATION OF THE TAXES IS NECESSARY WHEN THE TAX BILLS FOR 1997 ARE PREPARED, THE PARTIES AGREE TO HANDLE SAID RE-PRORATION BETWEEN THEMSELVES.

JOHN GALLEGOS _____ Buyer/Borrower    _____ Seller

_____ Buyer/Borrower    _____ Seller

01-02-2002 at 12:15 PM          RESPA, HB 4305.2 -- REV. HUD-1 (3/86)

00025736

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT — SETTLEMENT STATEMENT — PAGE 2

FILE #: 01-0045A

## L. SETTLEMENT CHARGES

| Line | Description | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. | TOTAL SALES/BROKER'S COMMISSION based on price $ @ = | | |
|  | Division of commission (line 700) as follows: | | |
| 701. | $ to | | |
| 702. | $ to | | |
| 703. | Commission paid at Settlement | | |
| 704. | | | |
| **800.** | **ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. | Loan Origination Fee   % — G-4 HOLDING COMPANY | 684.00 | |
| 802. | Loan Discount   % | | |
| 803. | Appraisal Fee to WAGGNER APPRAISALS | 325.00B | |
| 804. | Credit Report to FACTUAL DATA | 25.00B | |
| 805. | Lender's Inspection Fee to | | |
| 806. | Mtg. Ins. Application Fee to | | |
| 807. | Assumption Fee to | | |
| 808. | UNDERWRITING FEE   BRIDGE CAPITAL CORPORATION | 395.00 | |
| 809. | FUNDING FEE   BRIDGE CAPITAL CORPORATION | 150.00 | |
| 810. | TAX SERVICE FEE   BRIDGE CAPITAL CORPORATION | 78.00 | |
| 811. | PROCESSING FEE   G-4 HOLDING CO. | 300.00 | |
| 812. – 815. | | | |
| **900.** | **ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. | Interest from 12/31/01 to 01/01/02 @ $ 34.6685 /day   1 Days | 34.67 | |
| 902. | Mortgage Insurance Premium for   to | | |
| 903. | Hazard Insurance Premium for 1 Yrs to FARMERS | 576.77 | |
| 904. – 905. | | | |
| **1000.** | **RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001. | Hazard Insurance   mo.@$   /mo. | | |
| 1002. | Mortgage Insurance   mo.@$   /mo. | | |
| 1003. | City property taxes   mo.@$   /mo. | | |
| 1004. | County property taxes   mo.@$   /mo. | | |
| 1005. | Annual Assessments   mo.@$   /mo. | | |
| 1006. |   mo.@$   /mo. | | |
| 1007. |   mo.@$   /mo. | | |
| 1008. | | | |
| **1100.** | **TITLE CHARGES** | | |
| 1101. | Settlement or closing fee to COLORADO COUNTY & COMMUNITY TITLE | 150.00 | |
| 1102. | Abstract or title search to | | |
| 1103. | Title examination to | | |
| 1104. | Title insurance binder to | | |
| 1105. | Document preparation to BRIDGE CAPITAL | 150.00 | |
| 1106. | Notary fees to | | |
| 1107. | Attorney's fees to   (includes above items No: ) | | |
| 1108. | Title insurance to COLORADO COUNTY & COMMUNITY TITLE   (includes above items No: ) | 420.00 | |
| 1109. | Lender's coverage $ 136,800.00 — 420.00 | | |
| 1110. | Owner's coverage $ | | |
| 1111. | FORM 100; 140.1, & 165   COLORADO COUNTY & COMMUNITY TITLE | 95.00 | |
| 1112. | COURIER/WIRE FEE   COLORADO COUNTY & COMMUNITY TITLE | 35.00 | |
| 1113. | TAX CERTIFICATE   COLORADO COUNTY & COMMUNITY TITLE | 25.00 | |
| **1200.** | **GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. | Recording fees   Deed $   ; Mortgage $ 70.00 ; Releases $ 15.00 | 85.00 | |
| 1202. | City/county/stamps   Deed $   ; Mortgage $ | | |
| 1203. | State tax/stamps   Deed $   ; Mortgage $ | | |
| 1204. – 1205. | | | |
| **1300.** | **ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. | Survey to | | |
| 1302. | Pest inspection to | | |
| 1303. | FLOOD CERTIFICATE FEE | 12.00 | |
| 1304. – 1308. | | | |
| **1400.** | **TOTAL SETTLEMENT CHARGES** (enter on lines 103 and 502, Sections J and K) | **3,190.44** | **0.00** |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

JOHN GALLEGOS  _/s/_   Buyer/Borrower   _____ Seller
_____ Buyer/Borrower   _____ Seller

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

COLORADO COUNTY & COMMUNITY TITLE   _/s/_   Settlement Agent   Date 12-31-01

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

01-02-2002 at 12:15 PM

RESPA, HB 4305.2 -- REV. HUD-1 (3/86)

