

**U.S. Department of Justice**
Federal Bureau of Prisons

Federal Correctional Complex
☑ Administrative Maximum Security Institution
☐ High Security Institution
☐ Medium Security Institution
☐ Minimum Security Institution

Colorado Consolidated Legal Center

5880 State Highway 67 South
P.O. Box 6500
Florence, CO 81226

April 29, 2013

Honorable Marcia S. Krieger, Chief Judge
United States District Court, District of Colorado
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, CO 80202

    RE:    Inmate Possession of Pre-Sentence Reports and/or Statement of Reasons and Prevention of Sexually Abusive Behavior in the Federal Bureau of Prisons

Dear Judge Krieger:

    I am writing in response to a request from the United States Attorney's Office that I describe the Federal Bureau of Prison's policy regarding whether an inmate is allowed to possess a copy of his Pre-Sentence Report. I have also been asked to address what measures are in place to prevent sexually abusive behavior in the Federal Bureau of Prisons (Bureau).

    Since November 2, 2002, inmates in the custody of the Bureau have not been permitted to possess photocopies of their Pre-Sentence Report (PSR) and/or the Statement of Reasons (SOR) from their criminal judgments. This change came about as a result of Bureau Program Statement 1351.05, <u>Release of Information</u>, dated September 19, 2002. The purpose of this prohibition "is to protect inmates from being coerced by other inmates to produce their PSRs and SORs for illicit purposes." *Id.* at 2. Prior to this policy change, the Bureau documented the emerging problem where inmates pressured other inmates for a copy of their PSRs and SORs to learn if that inmate had been an informant, gang member, or had financial resources. Inmates who refused to provide the documents were often threatened and/or assaulted. *Id.* at 15-16.

    Program Statement 1351.05 not only prohibits inmates from possessing their PSRs or SORs for the safety reasons listed above, it also provides that PSRs and SORs are treated as contraband within the Bureau. The possession of such contraband subjects inmates to disciplinary action. *Id.* at 15. Inmates are, however, allowed to review their PSRs and SORs

**ATTACHMENT 5**

Honorable Marcia S. Krieger, Chief Judge
April 29, 2013
Page 2

under the direct and constant supervision of Bureau staff. Bureau staff are required to document the date of any such review, and both staff and the inmate are required to initial the entry documenting such review. *Id.* at 17. The policy change to the handling of PSRs and SORs has helped the Bureau address the safety concerns brought about by the disclosure of information contained in these documents and has assisted the Bureau in its efforts to maintain safe facilities and provide work and other self-improvement opportunities to assist inmates in becoming law-abiding citizens.

In addition to the restrictions pertaining to possession of PSRs and SORs, restrictions are also in place pertaining to medical reports relating to an inmate's HIV status. For example, while lab results of an inmate's HIV testing may be reviewed by that inmate, the inmate "may not retain a copy of his or her test results while the inmate is confined in a Bureau facility or a Community Corrections Center." *Id.* at 19. An inmate may provide written authorization for the Bureau to forward a copy of his or her HIV test result to a third party outside of the institution. *Id.*

I have also been asked whether a homosexual inmate is viewed by the Bureau as a "situational offender" and "special offender" because of his sexual preference. I am not familiar with the use of those terms as relates to an inmate being homosexual.

As to measures taken by the Bureau to prevent sexually abusive behavior in the prison setting, I direct the Court's attention to the Prison Rape Elimination Act (PREA) of 2003. The Bureau implemented Program Statements in order to enforce this Act, the most recent of which is found at Program Statement 5324.09, dated August 20, 2012, Sexually Abusive Behavior Prevention and Intervention Program.[1] This Program Statement provides that within 72 hours of arrival at a BOP facility, all inmates are assessed during an intake screening "for their risk of being sexually abused by other inmates or sexually abusive toward other inmates." *Id.* at 10. The intake screening considers, at a minimum, the following criteria to assess inmates for risk of sexual victimization:

(1) Whether the inmate has a mental, physical, or developmental disability;
(2) The age of the inmate;
(3) The physical build of the inmate;
(4) Whether the inmate has previously been incarcerated;
(5) Whether the inmate's criminal history is exclusively nonviolent;
(6) Whether the inmate has prior convictions for sex offenses against an adult or child;
(7) Whether the inmate is or is perceived to be gay, lesbian, bisexual, transgender, intersex, or gender nonconforming;
(8) Whether the inmate has previously experienced sexual victimization;
(9) The inmate's own perception of vulnerability; and
(10) Whether the inmate is detained solely for civil immigration purposes.

---

[1] *See also* Program Statement 5324.06, Sexual Abuse/Prevention and Intervention Programs, dated April 27, 2005.

Honorable Marcia S. Krieger, Chief Judge
April 29, 2013
Page 3

*Id.* at 11.

The Bureau implemented appropriate controls to ensure that the inmate's answers to these questions is not disseminated or exploited to the inmate's detriment by staff or other inmates. The intake screening process also takes into account an inmate's PSR and medical records, and such information is equally protected. *Id.* at 12. An inmate's risk level is reassessed whenever warranted and within 30 days of arrival at the institution based upon any additional information. *Id.*

With regard to protective custody of inmates at risk of sexually abusive behavior, Program Statement 5324.09 provides that inmates "at high risk for sexual victimization shall not be placed in involuntary segregated housing unless an assessment of all available alternatives has been made, and a determination has been made that there is no available alternative means of separation from likely abusers." *Id.* at 14. However, if placed in segregated housing for this purpose, such inmate "shall have access to programs, privileges, education, and work opportunities to the extent possible," and such segregated housing "shall not ordinarily exceed a period of 30 days." *Id.* at 14.

In sum, the Bureau is committed to ensuring the safety of all the inmates in its custody and takes all appropriate measures to achieve that end.

Sincerely,

Christopher B. Synsvoll
Supervisory Attorney